Appellant’s Motion for Rehearing Denied; Majority and
Concurring Opinions of December 16, 2010, Withdrawn; Affirmed and Substitute
Majority and Concurring Opinions filed May 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00587-CV



WILBER COLLINS, Appellant 

v.

CLARENCE WALKER
D/B/A BROTHERHOOD RECYCLING, Appellee 



On Appeal from
the 129th District Court

Harris County, Texas

Trial Court
Cause No. 2006-38481



 

SUBSTITUTE CONCURRING OPINION

The court reaches the right result but utilizes the
wrong analysis in the process.  For this reason, I respectfully decline to join
the majority’s opinion, but I concur in the court’s judgment. 

The appellant’s two issues should be overruled
because our appellate record contains no reporter’s record from the bench trial,
and therefore this court must presume that the trial proceedings support the judgment. 
The court should rely on this presumption as the sole basis for affirming the
trial court’s judgment rather than addressing the merits of the first issue and
finding briefing waiver as to the second issue.

Proceedings
in the Trial Court

Plaintiff/appellee Clarence Walker d/b/a Brotherhood
Recycling sued defendant/appellant Wilber Collins, asserting claims for breach
of contract, promissory estoppel, alleged violation of section 91.004 of the
Texas Property Code, fraud, and trespass to try title.  The district court
called this case to trial, and both parties, each represented by counsel, appeared. 
During the bench trial that followed, the trial court heard evidence and arguments
of counsel.  A court reporter made a record of the trial proceedings. 

The trial court rendered judgment awarding Walker actual
damages and attorney’s fees based on his promissory-estoppel claim and
rendering a take-nothing judgment against Walker as to all of his other
claims.  The trial court issued findings of fact and conclusions of law.  Collins
filed a notice of appeal, but our record does not contain any written request
by Collins for the preparation of a reporter’s record.  See Tex. R. App. P. 34.6(b)(1) (stating
that “[a]t or before the time for perfecting the appeal, the appellant must
request in writing that the official reporter prepare the reporter’s record”). 
The official reporter for the trial court has notified this court that Collins never
requested that a reporter’s record be prepared.  Our record does not contain a
reporter’s record.

Arguments
on Appeal

On appeal, Collins asserts two issues:  

The trial court erred in rendering judgment in favor of [Walker]
because the judgment for promissory estoppel and attorney’s fees is not
supported by all necessary findings of fact and conclusions of law.

The trial court erred in rendering judgment in favor of [Walker]
because the trial evidence [] was not legally sufficient nor factually sufficient
to support all of the necessary elements required for [Walker] to prevail on
the issues of promissory estoppel and recovery of attorney’s fees.

In the “Summary of the Argument” section of his appellate
brief, Collins does not mention the trial court’s findings of fact or
conclusions of law. Instead, he asserts that this court should reverse and
render or reverse and remand because Walker allegedly failed to prove his
promissory-estoppel claim.  In his argument under the first issue, Collins
asserts that “the issue presented in this appeal is very straightforward.” 
Collins then states that, “[q]uite simply, the trial court’s judgment is not
supported by the evidence, as described by the trial court’s findings of fact
and conclusions of law.”  Collins then presents argument, including citation to
legal authorities and to the clerk’s record, in support of the proposition that
the trial evidence is legally insufficient to prove the essential elements of a
promissory-estoppel claim and that this evidentiary insufficiency is also
reflected in the trial court’s findings of fact and conclusions of law.  In his
argument under his second issue, Collins asserts that the evidence is legally
and factually insufficient to support a recovery by Walker on his promissory-estoppel
claim.  Collins asks this court to reverse the trial court’s judgment and
render a take-nothing judgment.  

Adequacy of Appellate Briefing Regarding Insufficiency of the Evidence 

            The
majority disposes of Collins’s argument that the evidence is insufficient by
finding briefing waiver.  See ante at pp. 6–7.  The majority concludes
that Collins’s appellate briefing is insufficient because he did not cite any
legal authority under his second issue.  But, as Collins himself states in his
brief, his two issues are different ways of asserting the same argument, namely
that the evidence is insufficient to support the trial court’s judgment. 
Collins does cite legal authorities. And he sufficiently briefs this argument
under his first issue.  The
Supreme Court of Texas has emphasized that we must construe appellate briefs liberally
so that the right to appellate review is not easily lost by waiver.  Perry
v. Cohen, 272 S.W.3d 585, 587–88 (Tex. 2008).  Given that Collins presented
argument, including citations to legal authorities and the appellate record, in
support of his evidentiary-insufficiency argument under his first issue, this
court errs in holding that Collins waived this argument by inadequate appellate
briefing.  See id. (liberally construing issues presented in appellate
brief based on argument section of the brief).

Application of Presumption Based on Lack of Reporter’s Record

In
this appeal and in his argument under his two issues, Collins asserts that the
trial evidence is legally, or in the alternative factually, insufficient to
support the trial court’s judgment.  Collins asserts in his first issue that
the trial court’s judgment lacks all necessary findings of fact
and conclusions of law.  But Collins’s argument under this issue is that the
trial evidence is legally insufficient to prove the essential elements of a
promissory-estoppel claim and that this evidentiary insufficiency is reflected
in the trial court’s findings of fact and conclusions of law.  

Our appellate record reflects that evidence was
presented at trial and that a court reporter made a record of the trial proceedings. 
But our appellate record does not contain a reporter’s
record from the trial.  Collins has not undertaken an appeal based upon a
partial reporter’s record under Texas Rule of Appellate Procedure 34.6(c).  See
Tex. R. App. P. 34.6(c)
(detailing various procedures that apply when an appellant “requests a partial
reporter’s record”).  On this record and under applicable law, this court must presume
that the trial proceedings are relevant to Collins’s appellate issues and that
they support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); Middleton v. Nat’l
Fam. Care Life Ins. Co., No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex.
App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.).  Applying this
presumption to the two issues presented, Collins cannot prevail.  Therefore,
this court should affirm the trial court’s judgment based on this presumption
alone.  

Instead of taking this approach, the majority undertakes
a merits analysis as to the first issue, quoting the trial court’s findings of
fact and conclusions of law at length and discussing the merits of this appeal.
Because this court cannot analyze the merits of the issues based on the
presumption discussed above, this court should avoid discussing the merits of
this case.  If this court had a reporter’s record from the trial, it might
conclude that the evidence is legally insufficient to support the trial court’s
judgment, or it might conclude to the contrary.  But, because this court must
affirm the trial court’s judgment in any event based on the lack of a
reporter’s record, this court should not conduct a merits analysis at all.

            In
conclusion, this court should not base its analysis on briefing waiver; rather,
this court should base its analysis only on the presumption that results from lack
of a reporter’s record of the trial proceedings.  

             








       
                                                                     

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Seymore. (Anderson, J., majority).