Emory B. PERRY, et al., Petitioners,

v.

Darryl R. COHEN, et al., Respondents.

No. 07–0301.

Supreme Court of Texas.

Nov. 14, 2008.

Robert Joseph Killeen Jr., Jay Alan McKendree, Jennifer Marie Stierman Edwards, Patricia Hotalen, Christopher Michael Raney, Killeen & Stern, P.C., David W. Holman, The Holman Law Firm, P.C., Houston, TX, Robert Craig Stern, Killeen & Stern, P.C., New Orleans LA, for Petitioners.

Richard Douglas Yeomans, Boyce C. Cabaniss, Graves, Dougherty, Hearon & Moody, P.C., William J. Albright, Albright & Albright LLP, Jane M.N. Webre, Scott Douglass & McConnico, L.L.P., Patton G. Lochridge, Karen L. Watkins, Carlos Ra-

mon Soltero, McGinnis Lochridge & Kilgore, L.L.P., Austin TX, for Respondents.

PER CURIAM.

In this case, the trial court dismissed a suit with prejudice after determining that the plaintiffs' amended pleadings failed to comply with an order granting defendants' special exceptions. The court of appeals held that the plaintiffs waived error as to the merits of the order sustaining special exceptions because they did not separately challenge the order on appeal. We hold that the plaintiffs preserved error by challenging the merits of the special exceptions order in the body of their appellate brief, even though they did not separately and specifically challenge the order in their notice of appeal or in the issues of their appellate brief. We reverse and remand to the court of appeals.

Emory Perry and other shareholders (collectively, "shareholders") of RAMP Corporation filed suit against Darryl R. Cohen, Andrew M. Brown, and the law firm of Jenkens & Gilchrist (collectively, "Cohen") after RAMP filed for bankruptcy. The shareholders alleged that before RAMP declared bankruptcy, Cohen induced the shareholders to hold RAMP stock they owned or to purchase additional stock by misrepresenting the nature of RAMP's finances. The shareholders asserted claims for negligence, common law fraud, statutory fraud, and conspiracy. Cohen specially excepted to the shareholders' pleadings. The shareholders responded by filing a First Amended Petition, and later, a Second Amended Petition. The shareholders added claims for violations of the Texas Securities Act in the Second Amended Petition.

Cohen then reasserted the special exceptions previously filed and also objected to the shareholders' claims on the basis that the shareholders lacked standing to bring derivative claims belonging to RAMP. The trial court granted Cohen's special exceptions and entered an order directing the shareholders to replead the allegations supporting each shareholder's cause of action against each defendant, identify the maximum amount of damages each shareholder suffered, and identify any alleged harm separate from that allegedly suffered by RAMP. The order stated that failure to replead appropriately would result in dismissal of all the shareholders' claims.

The shareholders filed a Third Amended Petition. Cohen moved to dismiss the suit because the amended pleadings failed to comply with the trial court's prior order sustaining the special exceptions. Following a hearing, the trial court entered an order dismissing all the shareholders' claims with prejudice for (1) failing to specify the allegations supporting each cause of action by each plaintiff against each defendant, and (2) failing to specifically identify any alleged injury to the shareholders that was distinct from injury to RAMP.

The court of appeals affirmed. 272 S.W.3d 661, 2007 WL 28157. The court of appeals held, in part, that the shareholders waived error as to the merits of the order granting special exceptions by failing to properly challenge the order on appeal. *Id.* at 665. The shareholders contend that the court of appeals erroneously refused to address the merits of their claims.[1]

1. Additionally, the shareholders urge that the trial court violated public policy by dismissing their cause of action under the Texas Securities Act and erred by dismissing their causes of action with prejudice. They also contend that the court of appeals applied an incorrect standard of review. We do not reach and express no opinion as to those issues.

The shareholders are entitled to reversal of the trial court order dismissing their causes of action for failing to comply with the order granting special exceptions if the order granting special exceptions was improper. *See* TEX.R.APP. P. 44.1(a)(1). But to obtain reversal, they must have preserved error in the trial court, timely appealed from the order of dismissal, and then asserted the issues on appeal. *See* TEX.R.APP. P. 25.1(d), 33.1, 38.1(f). Cohen does not contend that the shareholders failed to preserve error in the trial court or to timely appeal and identify the order of dismissal. But Cohen argues that the court of appeals properly concluded the shareholders waived any appellate challenge to the special exceptions order.

■ While a challenge to the merits of an order granting special exceptions may be waived by a failure to challenge the order on appeal, we disagree that in this instance the shareholders waived error. The first issue in the shareholders' court of appeals brief urged that the trial court erroneously dismissed their causes of action. The issue did not specify that the shareholders were challenging the trial court's interlocutory order granting special exceptions, but the arguments under the issue did. We need not detail the shareholders' arguments as to the merits of the order granting special exceptions because the defendants acknowledged the arguments in their court of appeals briefs. For example, Cohen stated in his brief:

> Here, in their notice of appeal, Plaintiffs appealed only the order of dismissal, not the order sustaining special exceptions....
>
> ....
>
> [W]hile failing to actually appeal the order sustaining special exceptions, Plaintiffs devote virtually all of their appellate brief to a challenge of the basis of that order—the trial court's determina-

tion that Plaintiffs' holding claims fail to state a cause of action.

And Jenkens & Gilchrist, although arguing that the shareholders waived any complaint regarding the *dismissal* order by failing to challenge its basis, likewise referenced the shareholders' argument as to the merits of the special exceptions order:

> The Plaintiffs spend the bulk of their brief complaining of the trial court's determinations that their pleadings failed to allege recognized causes of action. Because these sections of the Plaintiffs' brief reiterate arguments the Plaintiffs made to the trial court when the Plaintiffs opposed Defendants' special exceptions, these sections apparently challenge the trial court's decision that the Plaintiffs had failed to allege recognized causes of action.

■ We initially note that the shareholders were not required to state in their notice of appeal that they were challenging the interlocutory order granting special exceptions. They were required only to state the date of the judgment or order appealed from—in this instance the order dismissing their suit. TEX.R.APP. P. 25.1(d)(2). Next, we note that disposing of appeals for harmless procedural defects is disfavored. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997). That policy is reflected in Texas Rule of Appellate Procedure 38.1(f) which provides that the statement of an issue will be treated as covering every subsidiary question that is fairly included. Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See El Paso Natural Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex.1999). Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible. *See Verburgt*, 959 S.W.2d at 616.

The court of appeals relied on *Cole v. Hall*, 864 S.W.2d 563 (Tex.App.-Dallas

1993, writ dism'd w.o.j.), to conclude that the shareholders waived any challenge to the trial court's special exceptions order. In *Cole,* the court held that for the merits of a trial court's order sustaining special exceptions and dismissing a suit to be reviewed on appeal, the plaintiff must challenge both the order granting special exceptions and the order of dismissal. 864 S.W.2d at 566–67. We agree with that determination. Both the final order of dismissal and the interlocutory order granting special exceptions must be challenged in order for the merits of the order granting special exceptions to be reviewed. We disagree with how the court of appeals applied the rule in this case.

Cohen asserts that the shareholders needed to present a separate issue challenging the trial court's special exceptions order to preserve error. Our cases as to construction of the Rules of Appellate Procedure do not support this assertion. *E.g., El Paso Natural Gas,* 8 S.W.3d at 316; *Verburgt,* 959 S.W.2d at 616. One of the shareholders' issues in the court of appeals challenged dismissal of their suit. Their brief in support of that issue addressed the merits of the trial court's order sustaining Cohen's special exceptions, and "we liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants." *El Paso Natural Gas,* 8 S.W.3d at 316. The shareholders were entitled to have the court of appeals review the merits of the order granting Cohen's special exceptions.

Without hearing oral argument, we reverse the judgment of the court of appeals and remand to that court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1.