Affirmed and Majority and Concurring Opinions filed December
23, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00351-CV

____________

 

MARGIE CANTON-CARTER, Appellant

 

V.

 

BAYLOR COLLEGE OF MEDICINE, Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2003-47770

 



 

C O N C U R R I N G   O P I N I O N

The majority concludes that appellant Margie
Canton-Carter has not assigned any error and that this court may resolve this
entire appeal based on briefing waiver.  Though both conclusions are incorrect,
the court nonetheless reaches the right result because the timely filed
summary-judgment evidence does not raise a genuine issue of material fact as to
whether the alleged negligence of appellee Baylor College of Medicine
proximately caused Canton-Carter=s injury.








The majority applies the rules of appellate procedure too
strictly and contrary to binding precedent of the Texas Supreme Court.  In
concluding that Canton-Carter has failed to assign any error, the majority
improperly restricts consideration of the issues that Canton-Carter has
presented to the issues stated in the AIssues Presented
for Review@ section of her brief.  See Tex. R. App. P. 38.1(e)[1]
(AThe brief must
state concisely all issues or points presented for review.  The statement of an
issue or point will be treated as covering every subsidiary question that is
fairly included.@); Perry v. Cohen, No. 07-0301, CS.W.3dC,C, 2008 WL 4891677,
at *2B3 (Tex. Nov. 14,
2008) (holding that court of appeals erred by concluding appellant failed to
assign error and by failing to liberally construe the issues presented and the
subsidiary questions fairly included therein in light of the assertions by
appellant in the argument section of the brief).  The majority does not discuss
the issues that are fairly included in the issues presented by Canton-Carter. 
The majority does not mention that Canton-Carter asserts that this court should
reverse the trial court=s summary judgment. Nor does the majority
address Canton-Carter=s arguments regarding the essential
elements of her medical malpractice case.  Appellate briefs are to be construed
reasonably, yet liberally, so that the right to appellate review is not lost by
waiver.  See Perry, 2008 WL 4891677, at *2.  Appellate courts should
reach the merits of an appeal whenever reasonably possible and should construe
issues presented liberally to obtain a just, fair, and equitable adjudication
of the rights of the litigants.  See id. at *2B3.  Under this
legal standard, Canton-Carter has assigned error as to whether the trial court
erred in granting Baylor College of Medicine=s motion for
summary judgment.








In the alternative, the majority disposes of this entire
appeal and affirms the trial court=s judgment based
on briefing waiver under Rule 38.1(h).[2] 
However, under binding precedent, this court cannot resolve all of the issues
in an appeal based on briefing waiver. See TEX. R. APP. P. 44.3 (AA court of appeals
must not affirm or reverse a judgment or dismiss an appeal for formal defects
or irregularities in appellate procedure without allowing a reasonable time to
correct or amend the defects or irregularities.@); Inpetco,
Inc. v. Texas American Bank/Houston, N.A., 729 S.W.2d 300, 300 (Tex. 1987)
(per curiam) (stating that, under predecessor to Rule 44.3, a court of appeals
cannot overrule all issues and affirm trial court's judgment based only on
briefing waiver); Elder v. Bro, 809 S.W.2d 799, 802 (Tex. App.CHouston [14th
Dist.] 1991, writ denied) (holding that appellate courts may overrule some of
appellant's issues based on briefing waiver, but must not overrule all of them
based on briefing waiver).  Therefore, this court should not use briefing
waiver to dispose of the entire appeal.  

Nonetheless, the timely filed summary-judgment evidence
does not raise a genuine issue of material fact as to whether the alleged
negligence of Baylor College of Medicine proximately caused Canton-Carter=s injury.  For
this reason, the trial court=s judgment should be affirmed.

Accordingly, though I do not join in the majority=s opinion, I
respectfully concur in the judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed December 23, 2008.

Panel
consists of Justices Anderson, Frost and Hudson.[3]
(Anderson, J., majority).









[1]  Effective September 1, 2008, the relevant rule is
Rule 38.1 (f), although the language is the same as former Rule 38.1 (e).  





[2]  Effective September 1, 2008, the relevant rule is
Rule 38.1 (i), although the language is the same as former Rule 38.1 (h).  





[3]  Senior Justice Harvey Hudson sitting by assignment.