Affirmed and Majority and Concurring Opinions filed December
16, 2010.  

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00587-CV



WILBER COLLINS, Appellant 

v.

CLARENCE WALKER
D/B/A BROTHERHOOD RECYCLING, Appellee 



On Appeal from
the 129th District Court

Harris County, Texas

Trial Court
Cause No. 2006-38481



 

CONCURRING OPINION

The court reaches the right result but utilizes the
wrong analysis in the process.  For this reason, I respectfully decline to join
the majority’s opinion, but I concur in the court’s judgment. 

The appellant’s two issues should be overruled
because our appellate record contains no reporter’s record from the bench trial,
and therefore this court must presume that the trial proceedings support the judgment. 
Though the majority refers to this presumption in a footnote as an alternate
basis for affirming the trial court’s judgment, this court should rely on the
presumption as the sole basis for affirming the trial court’s judgment.

Proceedings
in the Trial Court

Plaintiff/appellee Clarence Walker d/b/a Brotherhood
Recycling sued defendant/appellant Wilber Collins, asserting claims for breach
of contract, promissory estoppel, alleged violation of section 91.004 of the
Texas Property Code, fraud, and trespass to try title.  The district court
called this case to trial, and both parties, represented by counsel, appeared. 
During the bench trial that followed, the trial court heard evidence and
arguments of counsel.  For reasons not reflected by the appellate record, the
court reporter did not record any of the trial proceedings.[1]

The trial court rendered judgment awarding Walker actual
damages and attorney’s fees based on his promissory-estoppel claim and
rendering a take-nothing judgment against Walker as to all of his other
claims.  The trial court issued findings of fact and conclusions of law.

Arguments
on Appeal

On appeal, Collins asserts two issues:

The trial court erred in rendering judgment in favor of [Walker]
because the judgment for promissory estoppel and attorney’s fees is not
supported by all necessary findings of fact and conclusions of law.

The trial court erred in rendering judgment in favor of [Walker]
because the trial evidence [] was not legally sufficient nor factually
sufficient to support all of the necessary elements required for [Walker] to
prevail on the issues of promissory estoppel and recovery of attorney’s fees.

In the “Summary of the Argument” section of his appellate
brief, Collins does not mention the trial court’s findings of fact or
conclusions of law. Instead, he asserts that this court should reverse and
render or reverse and remand because Walker allegedly failed to prove his
promissory-estoppel claim.  In his argument under the first issue, Collins
asserts that “the issue presented in this appeal is very straightforward.” 
Collins then states that, “[q]uite simply, the trial court’s judgment is not
supported by the evidence, as described by the trial court’s findings of fact
and conclusions of law.”  Collins then presents argument, including citation to
legal authorities and to the clerk’s record, in support of the proposition that
the trial evidence is legally insufficient to prove the essential elements of a
promissory-estoppel claim and that this evidentiary insufficiency is also
reflected in the trial court’s findings of fact and conclusions of law.  In his
argument under his second issue, Collins (1) asserts that the evidence is
legally and factually insufficient to support a recovery by Walker on his
promissory-estoppel claim, (2) correctly states that the appellate record
contains only a clerk’s record and no reporter’s record, (3) incorrectly states
that a record of the trial was made, (4) requests that this court allow him to
supplement his briefing after the reporter’s record is filed, to provide
argument with citations to the reporter’s record, and (5) asks that this court
reverse the trial court’s judgment and render a take-nothing judgment.  

Adequacy of Appellate Briefing Regarding Insufficiency of the Evidence 

            The
majority disposes of Collins’s argument that the evidence is insufficient by
finding briefing waiver.  See ante at pp. 6–7.  The majority concludes
that Collins’s appellate briefing is insufficient because he did not cite any
legal authority under his second issue.  But, as Collins himself states in his
brief, his two issues are different ways of asserting the same argument, namely
that the evidence is insufficient to support the trial court’s judgment. 
Collins does cite legal authorities. And he sufficiently briefs this argument
under his first issue.  The
Supreme Court of Texas has emphasized that we must construe appellate briefs liberally
so that the right to appellate review is not lost by waiver.  Perry v. Cohen,
272 S.W.3d 585, 587–88 (Tex. 2008).  Given that Collins presented argument,
including citations to legal authorities and the appellate record, in support
of his evidentiary-insufficiency argument under his first issue, this court
errs in holding that Collins waived this argument by insufficient appellate briefing. 
See id. (liberally construing issues presented in appellate brief based
on argument section of the brief).

Application of Presumption Based on Lack of Reporter’s Record

In
this appeal and in his argument under his two issues, Collins asserts that the
trial evidence is legally, or in the alternative factually, insufficient to
support the trial court’s judgment.  Collins asserts in his first issue that
the trial court’s judgment lacks all necessary findings of fact
and conclusions of law.  But Collins’s argument under this issue is that the
trial evidence is legally insufficient to prove the essential elements of a
promissory-estoppel claim and that this evidentiary insufficiency is reflected
in the trial court’s findings of fact and conclusions of law.  

Our appellate record reflects that evidence was
presented at trial but that the court reporter did not make a record of any of the
trial proceedings in this case.  The record contains no bill of exceptions or
any other indication that Collins objected in the trial court to the court
reporter’s failure to record the trial proceedings.  Collins has not assigned
error or presented argument on appeal regarding the court reporter’s failure to
record the trial.  Our appellate record does not contain a reporter’s record from the trial.  Collins has not
undertaken an appeal based upon a partial reporter’s record under Texas Rule of
Appellate Procedure 34.6(c), and given the court reporter’s failure to make a
record, it is unlikely that Collins could successfully invoke this rule.  See
Tex. R. App. P. 34.6(c)
(detailing various procedures that apply when an appellant “requests a partial
reporter’s record”).  On this record and under applicable law, this court must presume
that the trial proceedings are relevant to Collins’s appellate issues and that
they support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); Middleton v. Nat’l Fam.
Care Life Ins. Co., No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex.
App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.).  Applying this
presumption to the two issues presented, Collins cannot prevail.  Therefore,
this court should affirm the trial court’s judgment based on this presumption
alone.  

Instead of taking this approach, the majority undertakes
a merits analysis as to the first issue, quoting the trial court’s findings of
fact and conclusions of law at length and discussing the merits of this appeal.
Because this court cannot analyze the merits of the issues based on the
presumption discussed above, this court should avoid discussing the merits of
this case.  If this court had a reporter’s record from the trial, it might
conclude that the evidence was legally insufficient to support the trial
court’s judgment, or it might conclude to the contrary.  But, because this
court must affirm the trial court’s judgment in any event based on the lack of
a reporter’s record, this court should not conduct a merits analysis at all.

            In
conclusion, this court should not base its analysis on briefing waiver; rather,
this court should base its analysis only on the presumption that results from lack
of a reporter’s record of the trial proceedings.  

             








                                                                            


                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Seymore. (Anderson, J., majority).

 

 









[1] The Texas Government
Code provides that the official court
reporter is required to record court proceedings if requested to do so.  See
Tex. Gov’t Code Ann. § 52.046
(West 2005).  According to the Texas Rules of Appellate Procedure, the official
court reporter must make a full record of court proceedings unless excused by
agreement of the parties.  See Tex.
R. App. P. 13.1(a).  There is a conflict of authority as to whether the
court reporter must record proceedings unless the parties agree otherwise or
whether the court reporter need not record proceedings unless a party requests
that the reporter do so.  See Electronic Bankcard Sys., Inc. v. Retriever
Indus., Inc., 2005 WL 3435294, at *2 (Tex. App.—Houston [14th Dist.] Dec.
15, 2005, no pet.) (mem. op.).  This court need not address this issue because,
in either case, to complain of the court reporter’s failure to record the trial
proceedings, Collins would have had to object in the trial court and assign
error on appeal.  See id.  The record contains no bill of exceptions or
any other indication that Collins objected in the trial court to the court
reporter’s failure to record the trial proceedings, and Collins has not
assigned any such error on appeal.