**Reversed and Remanded and Opinion Filed June 16, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00124-CV

**ALPHA OMEGA CHL, INC., Appellant**
**V.**
**BRIAN P. MIN AND MIN LAW FIRM, P.C., Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07799**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

This appeal centers on a business buyer's argument that the escrow agent who closed the asset purchase owed it certain fiduciary duties in connection with closing the sale.

Appellant Alpha Omega CHL, Inc. sued appellees Brian P. Min and Min Law Firm, P.C. for breach of fiduciary duty and other claims. Alpha's liability theory involved in this appeal is that appellees breached fiduciary duties they owed Alpha as its escrow agent by (i) disbursing the funds without ensuring there were no outstanding tax obligations, (ii) disbursing the funds before the conditions precedent were met, and (iii) misrepresenting that the closing statement was assembled using the best information available and failing to notify Alpha that Min was not a title company. After a bench trial, the trial court rendered a take-nothing judgment against Alpha.

Alpha raises four issues on appeal. The first three issues challenge certain adverse findings on the fiduciary breach elements. The fourth issue challenges the trial court's refusal to amend a fact finding that Alpha's principal did not give credible testimony.

We conclude that the trial court erred by finding that Alpha failed to prove the existence of a fiduciary relationship between Alpha and Min. We further conclude that this error was harmful because the trial court's findings regarding breach, causation, and damages were probably influenced by the error. Accordingly, we reverse the trial court's take nothing judgment against Alpha and remand the case for further proceedings.

## I. BACKGROUND

### A. Factual Allegations.

Alpha's live petition alleged the following:

On or about December 11, 2010, Alpha entered two agreements to buy a business in Mansfield, Texas, from sellers Rodney, Paul, and Amanda Downs. The business was a convenience store known as "The Beer Stop." The two agreements were a Purchase Agreement and a Management Agreement. The Purchase Agreement contained several conditions precedent; including an agreement that Alpha would manage the store through the Management Agreement until Alpha obtained licenses to sell alcohol, tobacco, and lottery products.

The Downses and Alpha met in appellees' office "to start the paperwork for the proposed transaction." Because Min had previously represented Alpha and its principal, Duk Choi, Alpha "felt that it was represented in this transaction by an attorney who had its interests in mind." Alpha put $250,000 into escrow with appellees, who assured Alpha that they would hold the money until all conditions precedent were met. Appellees also had Alpha and the Downses execute a postdated closing statement.

–2–

Alpha later learned that (i) appellees had released the escrowed funds to the Downses even though several conditions precedent had not been met; (ii) the Downses violated the Management Agreement and tried to cancel their licenses with the Texas Alcoholic Beverage Commission; and (iii) a notice of a tax lien against Rodney Downs in excess of $260,000 had been filed in Palo Pinto County, Texas.

## B. Procedural History.

Alpha sued appellees. When the case was tried to the bench, Alpha's live pleading asserted DTPA, fiduciary breach, negligent misrepresentation, and negligence claims.

After a two-day trial at which Min, Choi, and Choi's lawyer were the only witnesses, the trial court rendered a take-nothing judgment against Alpha.

The court signed findings of fact and conclusions of law. Most of the court's findings were statements that Alpha had not proven various facts and various elements of its claims by a preponderance of the credible evidence. The court also found that Choi did not give credible testimony.

Alpha requested amended findings of fact and conclusions of law, but the trial court did not act on Alpha's request.

Alpha timely appealed. Alpha's appeal concerns only its fiduciary duty claim.

## II. ANALYSIS

### A. Did the trial court err by finding that Alpha had not proved the existence of a fiduciary relationship between Alpha and Min?

Alpha's first three issues attack the adverse determination of Alpha's fiduciary duty claim arising from appellees' status as an escrow agent. As stated in the "issues presented" section of Alpha's brief, the first three issues argue that Min breached his duties by (i) not verifying the sellers' outstanding tax obligations, (ii) disbursing the escrowed funds before all conditions precedent were satisfied, and (iii) not disclosing that he was acting only as an escrow agent and

–3–

not as a title company, and falsely representing that the information contained in the closing statement was assembled "from the best information available from other sources."

But the argument section of Alpha's brief is broader than its issues indicate, and Alpha's argument includes a contention that the trial court erred by finding that Alpha had not proved the existence of a fiduciary relationship between it and Min. Alpha goes on to argue that the trial court's error in finding 11 caused other findings to be erroneous as well. Giving Alpha's brief a liberal construction, we address Alpha's argument that finding 11 is erroneous. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (appellate briefs must be construed "reasonably, yet liberally, so that the right to appellate review is not lost by waiver"). We conclude that this argument is dispositive.

### 1.      Standard of Review.

We review the legal and factual sufficiency of the evidence to support a trial court's findings of fact under the same standards applicable to a jury's verdict. *See, e.g.*, *Thompson & Knight LLP v. Patriot Exploration, LLC*, 444 S.W.3d 157, 162 (Tex. App.—Dallas 2014, no pet.).

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 710 (Tex. App.—Dallas 2011, pet. denied). In our review, we must credit evidence favorable to the finding if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *PopCap Games*, 350 S.W.3d at 710. Undisputed contrary evidence may become conclusive when a party admits it is true. *City of Keller*, 168 S.W.3d at 815.

## 2. Application of the Law to the Facts.

"The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant." *Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App.—Dallas 2012, no pet.).

The trial court's findings arguably rejected every element of Alpha's fiduciary duty claim:

7. Alpha Omega, Inc. did not prove by a preponderance of the credible evidence that Defendants failed to act or failed to not act as a reasonably prudent escrow officer would under the same or similar circumstances.

8. Alpha Omega, Inc. failed to prove that Defendants failed to comply with their responsibilities as an escrow agent.

. . .

11. Alpha Omega, Inc. did not prove by a preponderance of the credible evidence that a fiduciary relationship existed between it and the Defendants.

. . .

15. Alpha Omega, Inc. failed to prove by a preponderance of the credible evidence that Defendants disbursed funds without the authorization of Alpha Omega, Inc.

16. Alpha Omega, Inc. failed to prove by a preponderance of the credible evidence that Defendants failed to follow the instructions of Alpha Omega, Inc. in disbursing funds.

. . .

22. Alpha Omega, Inc. failed to prove any damages it suffered as a proximate cause of the actions of the Defendants or of the failure of the Defendants to act.

Thus, in finding 11 the trial court declined to find that Alpha and appellees had a fiduciary relationship, which negates the existence of a fiduciary duty. In findings 8, 15, and 16, it declined to find that appellees had breached any escrow agent duties owed to Alpha. (The trial

court may have also done so in finding 7.) And in finding 22, it declined to find that Alpha suffered any damages that had been proximately caused by appellees' acts or omissions.[1]

Alpha argues that the trial court erred in finding 11 because (i) escrow agents owe fiduciary duties to their principals as a matter of law and (ii) Min admitted that appellees served as the escrow agent in the transaction. We agree.

It is well-settled that "[a]n escrow agent owes fiduciary duties to both the buyers and the sellers of the property, including the duty of loyalty, the duty to make full disclosure, and the duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to those persons entitled to receive it." *Holder-McDonald v. Chi. Title Ins. Co.*, 188 S.W.3d 244, 248 (Tex. App.—Dallas 2006, pet. denied); *accord Bell v. Safeco Title Ins. Co.*, 830 S.W.2d 157, 161 (Tex. App.—Dallas 1992, writ denied).

Thus, by finding that Alpha failed to prove it had a fiduciary relationship with appellees, the trial court either found (erroneously) that appellees did not act as the escrow agent for the transaction or concluded (erroneously) that escrow agents do not have a fiduciary relationship with their principals. We conclude, however, that the evidence conclusively established that appellees were the escrow agent for the transaction, and thus that appellees had a fiduciary relationship with Alpha and owed Alpha fiduciary duties.

There was no evidence presented at trial that appellees were not the escrow agent for the transaction. And appellee Min testified that he was the escrow agent for the transaction. Min testified that he, "[a]s an escrow officer," explained exhibit 2, the purchaser's statement, to Alpha's representative. Later, Min testified that his law firm (the other appellee in this case) was the "closing or escrow agent" referred to in the purchaser's statement. Min also testified that he,

---

[1] The damages element of a fiduciary breach claim can also be established by showing a benefit to the defendant. *Anderton*, 378 S.W.3d at 51. But Alpha did not plead that appellees had benefited from any fiduciary breach, nor does it argue such a theory on appeal.

"as the escrow agent," checked the county records for liens and performed a UCC search for the equipment. When Alpha's counsel asked Min if he was acting as an attorney explaining Alpha's rights as the purchaser, Min answered, "More of an escrow officer. Escrow officer." Min answered, "Yes," when he was asked, "So Min Law, PC, and Brian Min was [sic] only acting as an escrow agent when this Plaintiff [Alpha] engaged their services." Finally, during a colloquy between the trial court and counsel after the close of evidence, the trial court asked appellees' counsel, "So your theory is that your client operated only as a[n] escrow agent closing the deal?" Appellees' counsel answered, "Yes."

Given appellees' trial admissions that they acted as escrow agent in the transaction, and the absence of any contrary evidence, we conclude that Alpha proved as a matter of law that appellees had a fiduciary relationship with Alpha and owed Alpha the fiduciary duties owed by an escrow agent. The trial court's finding 11, that Alpha failed to prove that Alpha was in a fiduciary relationship with appellees, is supported by legally insufficient evidence and is erroneous.

Appellees argue that the parties to the transaction contractually limited the scope of appellees' duties as escrow agent. Specifically, they argue that the seller's statement and the purchaser's statement executed by the parties limited appellees' duties to essentially nothing more than the duty to disburse the funds as approved by Alpha when it signed the purchaser's statement.

We disagree with appellees. Even assuming an escrow agent's fiduciary duties can be limited by agreement, we see nothing in the purchaser's statement (Alpha did not sign the seller's statement) that purports to limit appellees' duties as escrow agent. Appellees rely on the following provisions in the purchaser's statement:

> Purchaser understand the Closing or Escrow Agent has assembled this
> information representing the transaction from the best information available from

other sources and cannot guarantee the accuracy thereof. The lender involved may be furnished a copy of this document.

Purchaser understands that tax and insurance prorations and reserves were based on figures for the preceding year or supplied by others or estimates for the current year, and in the event of any change for current year, all necessary arrangements must be made between Purchaser and Seller direct.

But nothing in these provisions contradicts an escrow agent's common law fiduciary duties. For example, these provisions neither mention nor purport to limit the escrow agent's duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to the persons entitled to receive it. We conclude thus the purchaser's statement did not limit appellees' duties. Accordingly, we reject appellees' contention that they did not owe Alpha the common law fiduciary duties owed by an escrow agent.

**B.      Was the trial court's erroneous finding that Alpha did not prove the existence of a fiduciary relationship between it and appellees harmful error?**

An error is harmful and therefore reversible if the error (i) probably caused the rendition of an improper judgment, or (ii) probably prevented the appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(a)(1)–(2). For the reasons that follow, we conclude that the trial court's erroneous finding 11 was harmful error regarding Alpha's breach of fiduciary duty claim.

It follows from finding 11 that the trial court evaluated the issues of breach, causation, and damages under the erroneous assumption that appellees did not owe any fiduciary duties to Alpha. But appellees did owe Alpha fiduciary duties—the duty of loyalty, the duty to make full disclosure, and the duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to the persons entitled to receive it. *Holder-McDonald*, 188 S.W.3d at 248. Thus, finding 7, concerning whether appellees acted as a "reasonably prudent escrow officer," was not an application of the proper legal standard to the question of fiduciary breach (although it was a proper finding in light of Alpha's alternative claim for negligence). And finding 8, that

–8–

Alpha failed to prove that appellees breached their responsibilities as an escrow agent, was probably erroneous because the trial court, acting under finding 11, did not apply the proper fiduciary standards of conduct applicable to escrow agents. Had the trial court applied the proper fiduciary standards of conduct to the trial evidence, it could have reached the conclusion that appellees breached those heightened duties. In particular, the trial court could have concluded that appellees' failure to call the Texas Comptroller to see if any unpaid taxes were outstanding was a breach of the duty to exercise a high degree of care to conserve the money placed in escrow.

The trial court's error in finding 11 was also harmful regarding the trial court's finding 22, that Alpha failed to prove that its damages proximately resulted from appellees' actions or failures to act. For example, it is undisputed that appellees caused $250,000 of Alpha's money to be disbursed from escrow without first calling the Texas Comptroller to see if any unpaid taxes were outstanding. There was also evidence that Alpha became liable for those unpaid taxes. Had the trial court applied the proper legal standards to appellees' conduct, particularly the duty to exercise a high degree of care to conserve the money placed in escrow, it could have reached the opposite finding on causation and damages.

Because the trial court erroneously found that Alpha did not have a fiduciary relationship with appellees, it did not evaluate the remaining elements of fiduciary breach under the proper legal standards. And there was some evidence of the remaining elements of fiduciary breach, such that the trial court could have reached the opposite result had it not erred in finding 11. That is sufficient to establish harmful error. *Cf. Olympic Arms, Inc. v. Green*, 176 S.W.3d 567, 576 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (erroneous refusal to submit comparative negligence of settling persons was harmful because there was some evidence that settling persons were partially responsible for claimant's injuries, so jury could have shifted some of

defendant's responsibility to the settling persons); *Jochec v. Clayburne*, 863 S.W.2d 516, 521–22 (Tex. App.—Austin 1993, writ denied) (error in jury charge definition of trustee's duties was harmful because it probably caused improper judgment, at least as to exemplary damages).

### III. CONCLUSION

Our conclusion that the trial court committed harmful error in finding 11 entitles Alpha to reversal of the judgment and remand. None of Alpha's other issues would entitle it to greater relief. Accordingly, we do not address those issues. *See* TEX. R. APP. P. 47.1 (appellate opinion must address every issue raised *and* necessary to final disposition of the appeal).

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

150124F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALPHA OMEGA CHL, INC., Appellant

No. 05-15-00124-CV          V.

BRIAN P. MIN AND MIN LAW FIRM, P.C., Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-07799.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Alpha Omega CHL, Inc. recover its costs of this appeal from appellees Brian P. Min and Min Law Firm, P.C.

Judgment entered June 16, 2016.