**Affirmed and Memorandum Opinion filed October 1, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00913-CV

## NORMA LOPEZ, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALFONSO LOPEZ, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF ALFONSO LOPEZ, Appellant

## V.

## BRIAN CALLAHAN, M.D., Appellee

**On Appeal from the 131st District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2014CI15183**

## M E M O R A N D U M   O P I N I O N

Appellant/plaintiff Norma Lopez, Individually, as Personal Representative of the Estate of Alfonso Lopez, and on behalf of all Wrongful Death Beneficiaries of Alfonso Lopez ("Norma"),[1] challenges an order granting the no-evidence motion for summary judgment filed by appellee/defendant Brian Callahan, M.D.

---

[1] We refer to appellant and her late husband by their first names because they share the same surname.

Because Norma failed to respond to the motion or provide responsive evidence on the challenged elements of the claims, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In early 2013, Norma's husband, Alfonso Lopez, sought medical treatment from Callahan after suffering blockage in the dialysis access in his arm. During Callahan's treatment of Alfonso, which included a chemical thrombolysis and angioplasty, Alfonso complained of pain and began experiencing breathing difficulties. He suffered cerebellar and midbrain strokes resulting in a coma. Alfonso passed away two weeks later.

In September 2014, Norma brought a wrongful-death suit against Callahan, alleging medical negligence in the course of his care and treatment of Alfonso.[2] In both her original and amended pleadings, Norma asserted that in treating Alfonso, Callahan fell below the appropriate standard of care and proximately caused Alfonso's injuries, damages, and ultimate death. Norma alleged that Callahan:

1.    improperly provided medical care and treatment;

2.    failed to properly diagnose and treat Alfonso's medical conditions;

3.    failed to properly evaluate Alfonso during the thrombectomy performed on January 12, 2013;

4.    failed to properly perform the medical treatment necessary to Alfonso's welfare according to the standards set by the health care profession;

5.    failed to timely recognize and/or acknowledge Alfonso's symptoms that developed during the thrombectomy performed on January 12, 2013;

6.    failed to perform an appropriate angiographic evaluation of the

---

[2] Norma also named Star Vascular, LLC d/b/a Star Vascular Access Center as a defendant. In July 2017, the trial court granted summary judgment in favor of Star Vascular and issued an order severing the claims against it.

2

graft (including the inflow and outflow vessels) during the thrombectomy performed on January 12, 2013;

7.      failed to use the appropriately sized angioplasty balloons for the procedure being performed;

8.      failed to properly supervise the performance of the thrombectomy being performed on January 12, 2013; and

9.      failed to adequately assess, monitor, and treat Alfonso's medical condition.

Norma filed expert reports early in the litigation, which Callahan challenged as noncompliant with medical-expert-report requirements. Callahan filed a motion to dismiss Norma's claims.  Before any ruling on Callahan's motion to dismiss, the trial court permitted Norma's second set of attorneys to withdraw. Since April 2017, Norma has prosecuted her claims pro se and is representing herself in this appeal.

Two and a half years after Callahan filed his motion to dismiss, the trial court denied the motion. The trial court then issued a scheduling order, setting the trial date (December 3, 2018) and imposing deadlines to designate experts and complete discovery. Both parties signed the scheduling order, agreeing to the deadlines the trial court ordered. Norma did not designate experts by the court-ordered deadline.  Shortly after the time passed for her to do so, Callahan filed a no-evidence motion for summary judgment, urging the trial court to dismiss all of Norma's claims.

In a final order the trial court granted Callahan's summary-judgment motion and dismissed Norma's claims.  The record, including the trial court's docket sheet contains no indication that Norma filed anything with the trial court between the filing of the summary-judgment motion and the granting of the motion. Norma timely appealed.

3

## II. ISSUES AND ANALYSIS

Norma's appellate complaints and arguments lack clarity, want for detail, and contain no references to legal authority. These deficiencies place her appellate complaints in jeopardy of being waived. *See Tooker v. Alief Indep. Sch. Dist.*, 522 S.W.3d 545, 555 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (finding waiver of inadequately briefed issue containing conclusory assertions without legal citations). Though Callahan complains of these shortcomings, we decline to find briefing waiver and instead address Norma's arguments as we discern them. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *Reule v. M & T Mortgage*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). In the "Issue Presented" section of her brief, Norma poses a single issue:

> Whether the trial court erred in excluding critical evidence presented of Mr. Alfonso Lopez [sic] Wrongful Death at Star Vascular LLC D/B/A Star Vascular Access Center with Brian Callahan, MD as the doctor who performed the procedure.

In an apparent reference to this exclusion of evidence, Norma asserts the "court shall [sic] allow plaintiff to bring in the wittnesses [sic] such as Dr. Jeffrey Harris and Star Vascular Administrator, Dr. Cabrera."

### Exclusion of Evidence

Norma does not point to any place in record where the trial court issued an order excluding any expert witness or other evidence, and our independent review has not revealed any such trial-court action. For Norma to prevail on this point on appeal, the record must show that she offered evidence and that the trial court actually excluded the evidence. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a); *Matter of Marriage of Rangel & Tovias-Rangel*, 580 S.W.3d 675, 679 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("To show that the trial court abused its discretion in excluding evidence, a complaining party must preserve error by

4

actually offering the evidence and obtaining an adverse ruling from the court."); *In re L.D.W.*, 14-11-00438-CV, 2013 WL 2247383, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2013, no pet.) (error not preserved on complaint that expert report was erroneously excluded when the record revealed that it had not been offered into evidence) (mem. op.). The record shows neither. Given Norma's failure to preserve error on her exclusion-of-evidence complaint, she cannot possibly prevail on appeal. *See Keyes Helium Co. v. Regency Gas Services, L.P.*, 393 S.W.3d 858, 861 (Tex. App.—Dallas 2012, no pet.) (concluding appellant failed to preserve error as to exclusion-of-witness issue where appellant did not identify trial court's ruling excluding expert). Therefore, this complaint lacks merit.

## Summary Judgment

Liberally construing Norma's appellate brief, we conclude she argues that the trial court erred in granting Callahan's no-evidence summary judgment. In his summary-judgment motion Callahan asserted that there is no evidence of each of the essential elements of each of Norma's claims. Norma did not respond to the motion. Thus, Norma provided no summary-judgment evidence that might raise a genuine issue of fact as to any of the essential elements challenged.

Because Norma failed to respond to Callahan's no-evidence summary-judgment motion, the trial court properly granted it, and Norma has not shown that the trial court erred in doing so. *See Modelist v. Deutsche Bank Nat. Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.); Tex. R. Civ. P 166a(i) ("The court must grant the [no-evidence summary-judgment] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Thus, Norma's challenge to the trial court's summary judgment lacks merit.

5

### III. CONCLUSION

Having liberally construed Norma's brief to contain two complaints and having found each complaint lacking in merit, we overrule her appellate challenge and affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.