

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00409-CV

———————————————————

ROBERT WILLIAM SCOTT BAUER, Appellant

V.

JAMIE LYN BAUER, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-327827-21

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

This is the second appeal that Appellant Robert William Scott Bauer (Scott) has pursued concerning the underlying lawsuit his ex-wife, Appellee Jamie Lynn Bauer, filed against him. *See Bauer v. Bauer*, No. 02-23-00274-CV, 2024 WL 482619 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op.). Scott prevailed in his first appeal, and we remanded for further proceedings. *Id.* at *4. On remand, Jamie moved for summary judgment, which the trial court granted before signing a final judgment.

But in this second appeal, Scott's brief—frozen in time—fails to mention any of the post-remand proceedings and requests no relief from the trial court's final judgment. This is so because other than listing his name instead of his former attorney's and removing the request for oral argument on the brief's cover page, every section of Scott's brief is a verbatim recitation of his brief from the first appeal.

Having wholly failed to comply with the appellate rules—by failing to present any facts or arguments specific to the post-remand proceedings and the new final judgment—Scott has waived any complaints he has concerning the trial court's judgment, which we will affirm.

## Background

The facts underlying the parties' dispute are outlined in our prior opinion, and we need not repeat them. *See id.* Suffice it to say that Scott complained in his first appeal that the trial court had erred by rendering a final judgment on the parties' Rule 11 settlement agreement without his consent to the judgment's terms. *See id.* *1. This

court agreed and remanded the case to the trial court "with instructions to enter an agreed judgment in strict or literal compliance with [the] parties' Rule 11 [s]ettlement [a]greement and only with consent of all parties at the time the judgment is entered." *Id.*

On remand, Scott ignored Jamie's multiple requests to work on an agreed judgment. So Jamie moved for and obtained a summary judgment that Scott had breached the parties' Rule 11 settlement agreement. The trial court then signed a final judgment, which Scott has now appealed.

Scott is a licensed attorney. Throughout the first appeal and the trial court's proceedings before and after our remand, another attorney represented him. But after filing the notice of appeal in this second appeal, Scott's attorney withdrew. After that, Scott twice missed his briefing deadline, and we so notified him. And on both occasions, he requested time extensions—stating that he was engaging new appellate counsel—that we granted.

Then, nearly four months after his original briefing due date, Scott, proceeding pro se, filed his Appellant's brief. When Jamie filed her brief, she attached as an exhibit to her appendix a side-by-side comparison of Scott's Appellant's brief from the first appeal and his Appellant's brief in this appeal. The briefs are identical—other than Scott's deleting the oral-argument request on the cover page and using his name, state bar number, and contact information (instead of his former attorney's) on the cover page, in the signature block, and on the other signature lines. Scott's brief thus

raises the exact same issues and asks for the exact same relief that this court granted in his first appeal, and he makes no attempt to identify any error in the trial court's post-remand summary-judgment proceedings or in the final judgment that he has now appealed.

**Analysis**

Jamie argues that Scott has waived his appellate complaints, and we agree.

The purpose of an appellate brief is "to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." Tex. R. App. P. 38.9. To that end, the rules of appellate procedure contain "specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record." *Floyd v. Floyd*, No. 02-23-00193-CV, 2024 WL 3714176, at *1 (Tex. App.—Fort Worth Aug. 8, 2024, no pet.) (mem. op.) (citation omitted).

Scott's brief facially contains the required sections, but as we have pointed out, his brief substantively contains no factual update from the post-remand proceedings and lacks a clear and concise argument targeted at those proceedings or the trial court's judgment. *See* Tex. R. App. P. 38(g), (i). Additionally, he has not identified any specific appellate complaints other than those he presented in the first appeal.

Failure to cite the record, cite legal authority, or substantively analyze identified legal issues results in waiver of appellate complaints. *Floyd*, 2024 WL 3714176, at *2.

4

And although we reluctantly resolve cases on procedural defects and work to resolve cases on the merits whenever possible, "we do not and cannot assume the responsibility of doing the parties' briefing for them." *Id.* (first citing *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020); then citing *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); and then quoting *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at \*9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.)). Otherwise, "we would be abandoning our role as judges and taking on the role of advocate." *Id.* (citations omitted).

Even though Scott is a pro se litigant, he is a licensed Texas attorney and should understand how to comply with the appellate rules (something we expect of non-attorney pro se litigants as well). *Id.* Because he has utterly failed to comply with the appellate briefing rules in this appeal, we hold that Scott has waived any potential appellate complaints concerning the trial court's post-remand final judgment. *See id.*; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issues on appeal).

## Conclusion

We affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 30, 2025