# IN THE SUPREME COURT OF TEXAS

No. 20-0452

TODD DELANE FERGUSON, PETITIONER,

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

JUSTICE BUSBY, joined by JUSTICE BOYD, concurring in the denial of the petition for review.

Petitioner Todd Ferguson raises a substantial issue regarding whether the Second Amendment protects the right to carry a handgun in public. But he did not present that issue to the trial court when he challenged the suspension of his handgun license. Accordingly, the issue is not before us for review. *See* TEX. R. APP. P. 33.1(a)(1). In addition, under a law recently passed by our Legislature and signed by the Governor that takes effect September 1, 2021, most Texans who are at least 21 years old no longer need a license to carry a handgun in most public places. *See* Firearm Carry Act of 2021, 87th Leg., R.S., H.B. 1927, § 22 (to be codified as an amendment to TEX. PENAL CODE § 46.02). Thus, it is unclear whether the suspension of Ferguson's license will prevent any carrying of a handgun that he plans to do in the future. "[C]ourts resolve cases, not just issues, and this case presents a particularly poor opportunity to resolve the issues that

disturb the dissent." *El-Ali v. State*, 428 S.W.3d 824, 824 (Tex. 2014) (Boyd, J., concurring in the denial of the petition for review). I therefore join the Court's order denying this petition for review.

By statute, the Texas Legislature has given those who obtain a license the right to carry a handgun in certain places and under certain conditions. *See* TEX. GOV'T CODE § 411.177(a) ("The department shall issue a license to carry a handgun to an applicant if the applicant meets all the eligibility requirements and submits all the application materials."). Ferguson obtained a license but was later charged by information with a Class A misdemeanor, so the Department of Public Safety suspended his license as required by section 411.187(a)(1) of the Government Code. The Department's letter directs Ferguson to surrender the license it had issued to him under the Government Code; it does not reference—much less claim to suspend—Ferguson's Second Amendment rights.

Ferguson challenged the Department's suspension of his statutory license to carry, and a Bexar County justice of the peace affirmed the suspension. *See id.* § 411.180. Ferguson then appealed to the county court at law for a trial de novo, where he "raise[d] a constitutional challenge to the statutory scheme that allows for the suspension without an actual substantive witness evidentiary hearing." In particular, he argued that his constitutional right to procedural due process of law entitled him to an evidentiary hearing to challenge whether the underlying misdemeanor charge was supported by probable cause—similar to the hearing required before a driver's license is suspended. The county court at law disagreed and affirmed the suspension. The Second Amendment was not mentioned in either court.

Ferguson then appealed to the court of appeals, where he again urged his procedural due process challenge to the suspension of his statutory license. He also raised a new substantive due

process challenge to Texas's licensing scheme based on the Second Amendment, arguing that the statute could not survive strict scrutiny. The court of appeals held that Ferguson had been afforded sufficient procedural due process but declined to reach his substantive due process issue regarding strict scrutiny under the Second Amendment, concluding that "Ferguson waived the arguments by failing to present them to the trial court with a timely and specific complaint, objection, or motion." *Ferguson v. Tex. Dep't of Pub. Safety*, No. 04-19-00384-CV, 2020 WL 1931625, at \*2 (Tex. App.—San Antonio Apr. 22, 2020) (mem. op.).

In this Court, Ferguson focuses his briefing largely on his procedural due process challenge to the suspension of his statutory license, but he also renews his substantive due process challenge that the Texas licensing scheme impairs his Second Amendment rights and fails strict scrutiny. As the court of appeals correctly observed, however, this substantive due process challenge was never raised in the trial court. Although we disregard harmless procedural defects and reach the merits whenever reasonably possible, *see Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam), we do not do so unless "the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992); *see* TEX. R. APP. P. 33.1. "There are 'important prudential considerations' behind our rules on preserving error," which "conserve[] judicial resources by providing trial courts the opportunity to correct errors before appeal," improve the accuracy of judicial decisionmaking, and prevent one party from surprising the other with new arguments on appeal. *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam).

With regard to Ferguson's Second Amendment-based substantive due process challenge, there can be no dispute that Ferguson did not "let the trial judge know what he wants, why he

3

thinks himself entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). No reasonable trial judge would have divined from Ferguson's procedural complaint that Ferguson also wanted the court to strictly scrutinize the statute to decide whether it was narrowly tailored to advance a compelling governmental interest.

Our dissenting colleagues do not contend otherwise. Instead, the dissent views the Second Amendment as possibly creating a constitutional liberty interest in carrying a handgun in public that cannot be restricted without procedural due process of law. *Post* at __. But Ferguson likewise did not inform the trial court that he was relying on the Second Amendment as the basis for a claim of procedural due process. Moreover, it is unclear whether the dissent's view is necessary to advance the analysis, as Ferguson argues—and the court of appeals assumed—that he also has a *statutory* right to his license to carry a handgun that cannot be restricted without procedural due process.[1] Thus, there may be no need to address the unpreserved Second Amendment question before reaching the only issue decided by the court of appeals: whether Ferguson received all the procedural due process that was constitutionally required in connection with his license suspension.

Finally, Ferguson's challenge to the process followed in suspending his license to carry a handgun has been overtaken by legislative events that reduce the importance of deciding this case. Beginning September 1, 2021, Texans who are at least 21 and have not been convicted of certain crimes may carry a handgun in public without a license. *See* Firearm Carry Act of 2021, § 22. There are certain specified locations (such as hospitals and government meetings) where carrying

---

[1] The Department disputes the existence of such a right, and I express no view on the merits of that dispute.

4

a handgun without a license is apparently still prohibited, *see id.* §§ 23, 25, but whether those prohibitions will affect any carrying of a handgun that Ferguson plans to do in the future is not an issue that an appellate court is well suited to determine.  I therefore concur in the denial of Ferguson's petition for review.

_____

J. Brett Busby
Justice

Opinion delivered: June 25, 2021