

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MODY SAID, | § | No. 08-22-00074-CV |
| Appellant, | § | Appeal from the |
| v. | § | 250th District Court |
| ALEX VALDES AND WESTGATE MOMARK, LLC, | § | of Travis County, Texas[1] |
| | § | (TC# D-1-GN-21-005869) |
| Appellees. | § | |
| | § | |

## **O R D E R**

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of prosecution.

Appellant, Mody Said, attempted to electronically file his brief on May 3, 2022, but the filing was rejected for a technical deficiency—the brief was not in a "portable document format" (PDF) that was searchable and the brief and appendix were not combined into a single computer file, all as required by Tex.R.App.P. 9.4(j)(1)(4). After being notified of these deficiencies, Appellant again attempted to electronically refile the brief on May 4, 2022, but again failed to comply with those requirements. By email of May 10, 2022, the Court's deputy clerk notified Appellant that his brief was overdue. On May 12, 2022, the Clerk of the Court notified Appellant

---

[1] We hear this case on transfer from the Third Court of Appeals. *See* Tex. R. App. P. 41.3.

that the brief he submitted on had been rejected both times for corrections, and further advised Appellant that the Court intended to dismiss the appeal for want of prosecution unless Appellant responded within ten days and showed grounds for continuing the appeal. *See* TEX. R. APP. P. 38.8(a)(1). Appellant has not filed the brief or an extension motion, and he has not filed any response to the Court's inquiry.

While the Court would have the authority to dismiss the appeal for want of prosecution under these circumstances, it chooses not to. No doubt, the Texas Supreme Court has said that "[t]here cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). And "[l]itigants who represent themselves must comply with the applicable procedural rules." *Id.* at 185. Yet our rules expressly draw a distinction between represented and unrepresented parties with respect to filing motions and briefs. A pro se litigant need not use the electronic filing system at all and can mail a paper copy of a brief to the Court for filing. TEX.R.APP.P. 9.2(c)(1)("Unrepresented parties in both civil and criminal cases may electronically file documents, but it is not required."). So the irony here is that if Appellant had mailed a paper copy of what was electronically sent to the Court on May 4, the Court's clerk would have accepted it for filing, scanned it, and the Court would have exactly what we now have in our system.

Texas appellate courts prefer to resolve appeals on the merits, and not on technical compliance issues: "Rather than disposing of appeals based on harmless procedural defects, 'appellate courts should reach the merits of an appeal whenever reasonably possible.'" *Horton v. Stovall*, 591 S.W.3d 567 (Tex. 2019), *quoting Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *see also Marino v. King,* 355 S.W.3d 629 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults."). Accordingly, the Court accepts the brief forwarded to it on May 4, 2022, as filed as of the date of

this order. Appellees' brief is due thirty days from the date of this order. If Appellant desires to file a reply brief, he is cautioned to fully comply with the Texas Rules of Appellate Procedure. Any such brief must either be mailed, or if served electronically, it must comply with each sub-part of TEX.R.APP.P. 9.4(j).[2]

IT IS SO ORDERED this 2nd day of JUNE, 2022.

PER CURIAM

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[2] Any number of internet sources contain instructions for making documents PDF searchable. As an example, the United States Court of Appeals for the Second Circuit's website has instructions for making a PDF text searchable, with screen-shots for each step of the process. Making A PDF Text-searchable (uscourts.gov) https://www.ca2.uscourts.gov/clerk/case_filing/electronic_ filing/how_to_use_cmecf/text_searchable_pdfs.html