**Dismiss and Opinion Filed May 26, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

───────────────

**No. 05-22-00598-CV**

───────────────

**BARBARA CARRAWAY, Appellant**
**V.**
**ALBERT BLACK AS RECEIVER**
**FOR 3304 JUDGE DUPREE DRIVE, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02040-E**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Breedlove

This is an appeal from a forcible entry and detainer suit tried de novo in county court. Appellant Barbara Carraway, proceeding pro se, appeals the county court's judgment awarding the property to Albert Black as Receiver for 3304 Judge Dupree Drive (Black). For the reasons we discuss below, we dismiss the appeal.

Black filed a forcible entry and detainer suit in justice court against Barbara Carraway, Pamela Carraway, and all occupants of a home at 3304 Judge Dupree Drive in Dallas. Black was awarded possession of the premises on April 4, 2022.

Carraway appealed to county court. That court awarded possession of the premises to Black by judgment dated June 16, 2022.

Carraway filed her notice of appeal in this Court and proffered a pro se brief on September 26, 2022, asserting two issues: (1) "As an owner of the property, does defendant[ ] have a right to request additional time to move from the property?" and (2) Can the property be sold or can the sale of the property take place prior to the defendants moving from the property?" Carraway also filed a motion requesting an extension of time to stay at the property. We denied the motion by order of October 11, 2022, because Carraway did not file a supersedeas bond within ten days of the judgment. *See* TEX. PROP. CODE ANN. § 24.007 (county court's judgment "may not under any circumstances be stayed pending appeal" without filing of appeal bond within ten days of judgment).

In our order, we also advised Carraway that her brief did not comply with rule of appellate procedure 38.1 because it did not contain: (1) a list of all parties; (2) a table of contents that indicated the subject matter of each issue; (3) an index of authorities; (4) a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references; (5) a concise statement of the facts supported by record references; (6) a succinct, clear, and accurate statement of the arguments made in the body of the brief; (7) appropriate citations to authorities; and (8) appropriate citations to the record. *See* TEX. R. APP. P. 38.1(a)–(d), (g)–(i). We ordered Carraway to file an amended brief correcting

–2–

these deficiencies and cautioned her that failure to comply may result in dismissal of her appeal without further notice.

Pursuant to our order, Carraway filed an amended brief on October 20, 2022. Although Carraway complied in part with this Court's order to correct the above-noted deficiencies, she did not provide any legal argument or citation to authority to support her contentions that she had "a right to request additional time to move" and that the property could not be sold before she moved. Instead, she again requested to remain in the home for an indefinite period, citing matters outside the appellate record.

Black has filed a response arguing that Carraway has not made any legal argument or cited to any precedent that would allow her to retain possession of the property. We agree.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of appellate procedure. *Bolling*, 315 S.W.3d at 895 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Courts regularly caution pro se litigants that courts will not treat them differently from a party who is represented by a licensed attorney. *See Mansfield State Bank*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i). To comply with rule 38.1(f), an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896 ("[W]e must be able to discern what question of law we will be answering.") The brief fails if we must speculate or guess about the appellant's contentions. *Id.*

Although we do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient, we do examine briefs for compliance with the briefing rules. *Id.* at 895. After close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (appellate court should reach the merits of an appeal whenever reasonably possible). If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Although Carraway timely filed a corrected brief, she cites no legal authority to support her contentions that she has a right to request additional time to move from the property and that the property cannot be sold before she moves. Her

–4–

argument contains no citations to the record and she does not explain how the trial court erred in its ruling. Because Carraway failed to comply with the briefing requirements of the rules of appellate procedure after having been given the opportunity to do so, we dismiss her appeal. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–97.

220598f.p05

/Maricela Breedlove//
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BARBARA CARRAWAY,
Appellant

No. 05-22-00598-CV        V.

ALBERT BLACK AS RECEIVER
FOR 3304 JUDGE DUPREE
DRIVE, Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-22-02040-
E.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Smith participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

Judgment entered this 26th day of May, 2023.