

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00068-CV

_____

AMBREYA PLAYER, Appellant

V.

TIANNA S. BOOKER, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2022-002361-2

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In a single issue, Ambreya Player appeals from the trial court's order sustaining Appellee Tianna S. Booker's plea to the jurisdiction and dismissing Player's case. Because the trial court erred by sustaining the plea, we will reverse the trial court's order and remand the case to the trial court.

## I. Background

In October 2019, Player executed an apartment lease agreement with Mansions of Mansfield, Ltd. In January 2022, Player sued Booker—the property manager—in justice court for "false allegations to law enforcement," "harassment," and "defamation of character" arising from an alleged verbal confrontation between Player and Booker that had occurred on the Mansions of Mansfield property. Player sought $15,000 in damages, plus court costs.

Booker answered and filed a plea to the jurisdiction. Booker's jurisdictional plea asserted as follows:

> By her Petition, Plaintiff sues Defendant, the manager of the property where Defendant previously resided, related to actions occurring in connection with the leased premises. Defendant is not the landlord pursuant to Plaintiff's Apartment Lease Contract, has no privity with Plaintiff, was acting only in her capacity as manager, and is not properly named. As a result, Defendant requests that the Petition be dismissed against Defendant.

The parties appeared and announced ready for trial. "After fully hearing the pleadings, evidence, and argument of parties," the justice court found for Booker and

ordered that Player take nothing. Player timely appealed to county court at law for a trial de novo. *See* Tex. R. Civ. P. 506.1(a), 506.3.

The county court heard Booker's plea to the jurisdiction via Zoom. Player did not appear. During the hearing, the county court admitted the apartment lease agreement into evidence.[1] Booker argued as follows:

> Your Honor, the only thing I wanted to add was that I did submit a copy of the apartment lease contract just to show that there was, obviously, an entity that's the party to the lease, not Ms. Booker individually in her capacity [as] the manager. And so that's the only additional thing. I wanted to make sure the Court was aware that I had submitted this exhibit just to confirm and show there's no contractual privity related to Ms. Booker and Ms. Player. And in fact, Ms. Player is suing Mansions, which I believe is the correct party for her to sue. In [another] court, she filed both cases, and they were appealed, both of them, and ended up in both different courts. So just wanted to make the Court aware of that. She is suing the right party in the other case. I just don't believe it is the right party in this case based on the capacity issue in particular.

The county court signed an order sustaining Booker's plea to the jurisdiction and dismissing the case. Player has timely appealed. *See* Tex. R. App. P. 26.1.

## II. Analysis

In a single issue, Player challenges the trial court's sustaining Booker's plea to the jurisdiction and, in support of that issue, asserts that this "case is not to be related to any lease contract that [she has] previously had with Mansions of Mansfield, this is

---

[1]The lease agreement was signed by Player, and Booker signed it on Mansions of Mansfield's behalf.

strictly for the actions of the defendant."[2] Booker counters that the trial court properly exercised its discretion in sustaining her jurisdictional plea. On appeal, she suggests that the trial court does not have subject-matter jurisdiction over Player's claims because Player lacks standing. In the trial court, Booker argued that she was entitled to dismissal because (1) Player had sued her in her individual capacity, rather than in her capacity as Mansions of Mansfield's property manager; (2) Player's claims against Booker were barred by lack of contractual privity; and (3) Player should have sued Mansions of Mansfield, not Booker.

---

[2]Booker contends that Player has waived any claimed error because she has failed to cite any error, failed to make arguments in support of her position, and failed to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).

An appellate brief must contain all points or issues presented for review, argument and authorities under each point or issue, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found. *See* Tex. R. App. P. 38.1(f)–(g), (i). But "[t]he statement of an issue or point will be treated as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(f); *see Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008) (holding that appellants did not need to assign a separate issue or point to challenge both order granting special exceptions and final dismissal based on same special exceptions); *see also Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 455 (Tex. 2015) (op. on reh'g) (holding that issue was sufficiently raised and briefed when argued conditionally in footnote).

We must construe appellate briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See Perry*, 272 S.W.3d at 587. We must reach an appeal's merits whenever reasonably possible and should construe issues presented liberally to obtain a just, fair, and equitable adjudication of the litigants' rights. *See id.* at 587–88. Under this standard, Player has assigned error to the trial court's sustaining Booker's jurisdictional plea, and she has not waived this issue for our review.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A jurisdictional plea's purpose is to defeat a cause of action without regard to the asserted claim's merits. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject-matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004) (op. on reh'g). "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). When a party challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issue raised. *Miranda*, 133 S.W.3d at 227.

A party must have standing to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "Without standing, a court lacks subject[-]matter jurisdiction to hear the case." *Id.* at 849 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). The general test for standing requires a real controversy between the parties that will be determined by the judgment sought. *See id.* A party has standing to bring a claim if it has a sufficient relationship with the claim to have a justiciable interest in the outcome. *Id.* at 848. A party has standing when it is personally aggrieved. *Id.*

Here, Player is not suing Booker for breach of the lease agreement or for any other claim arising out of that agreement. Player's claims against Booker sound in tort.

5

Player's pleadings—when construed liberally, taking all factual assertions as true, and looking to her intent—are sufficient to establish her standing to sue Booker.

"As opposed to standing, capacity involves the parties' legal authority to go into court to prosecute or defend a suit." *Stephens v. Three Finger Black Shale P'ship*, 580 S.W.3d 687, 705 (Tex. App.—Eastland 2019, pets. denied) (op. on reh'g) (citing *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 249–50 (Tex. App.—Houston [1st Dist.] 1995, writ denied)). And unlike standing, a party's lack of capacity is an affirmative defense and does not deprive a court of subject-matter jurisdiction. *See* Tex. R. Civ. P. 93(1), (2); *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003); *Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468, 482 (Tex. App.—El Paso 2022, no pet.); *Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 795 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Similarly, lack of privity is a contractual defense. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Even if a privity defense were applicable to Player's claims, it would not deprive the trial court of subject-matter jurisdiction over those claims. *See, e.g., Hassell Constr. Co. Inc. by & Through Hassell v. Springwoods Realty Co.*, No. 01-17-00822-CV, 2023 WL 2377488, at *12 (Tex. App.—Houston [1st Dist.] Mar. 7, 2023, pet. filed) (mem. op.); *Ganter Grp., L.L.C. v. Choice Health Servs., Inc.*, No. 11-12-00297-CV, 2014 WL 5562945, at *2 (Tex. App.—Eastland Oct. 31, 2014, no pet.) (mem. op.); *John C. Flood of DC, Inc. v. SuperMedia, L.L.C*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied).

Accordingly, we conclude and hold that the trial court erred by sustaining Booker's plea to the jurisdiction, and we sustain Player's only issue.

### III. Conclusion

Having sustained Player's sole issue, we reverse the trial court's order sustaining Booker's plea to the jurisdiction and remand this case to the trial court.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  January 11, 2024