# Supreme Court of Texas

---

No. 22-0913

---

Huntley Fort Gill, Robyn G. Attaway, and Miriam G. Stirn,

*Petitioners*,

v.

David Hill, Individually and d/b/a DOH Oil Company,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

---

**Argued January 9, 2024**

JUSTICE HUDDLE delivered the opinion of the Court.

The successors in interest of various mineral-rights holders sued in 2019 for a declaration that a 1999 judgment foreclosing on their predecessors' property for delinquent taxes is void. They contend there was constitutionally inadequate notice of the foreclosure suit, so, their argument goes, the foreclosure judgment and the tax sale that followed both are void, and they should be adjudged the mineral interests' rightful owners.

The current owners sought traditional summary judgment based on the Tax Code's command that an action relating to the title to property against the purchaser of the property at a tax sale may not be commenced later than one year after the date that the deed executed to the purchaser at the tax sale is filed of record. *See* TEX. TAX CODE § 33.54(a)(1). We must decide whether summary judgment based on this statute of limitations was proper despite the nonmovant's assertion that the underlying judgment and tax sale, the recording of which ordinarily would trigger the running of the one-year limitations period, are themselves void for lack of constitutionally required due process.

We hold that under *Draughon v. Johnson*, the nonmovant seeking to avoid the limitations bar by raising a due-process challenge bears the burden to adduce evidence raising a genuine issue of material fact about whether the underlying judgment is actually void for lack of due process. Because the nonmovant here adduced no such evidence, the trial court correctly granted summary judgment based on Section 33.54(a)(1).

But that is not the end of this story. The law governing this case has undergone meaningful refinement since the summary-judgment proceedings took place. Since that time, this Court decided two cases crucial to our analysis: *Draughon*, which addressed the burden of proof when summary judgment is sought based on a statute of limitations; and *Mitchell v. MAP Resources, Inc.*, which clarified the types of evidence that can be used in a collateral attack such as this. Given these recent and substantial developments in the relevant law, we remand this case to the trial court for further proceedings in the interest of justice.

## I. Background

In 1998, Pecos-Barstow-Toyah Independent School District, Reeves County, and Reeves County Hospital District sued over 250 defendants who owned property in Reeves County. The attorney for these taxing entities filed a citation-by-posting affidavit claiming that the names and residences of the owners of the properties were unknown and could not be ascertained after diligent inquiry. The property owners were all represented by the same attorney ad litem, who was appointed just eight days before trial. After a bench trial, the trial court rendered judgment in February 1999, authorizing the properties' foreclosure. James W. Gill and Gale T. Goss (collectively, Gill) owned mineral interests that were subject to the foreclosure judgment.

The following month, David Hill d/b/a DOH Oil Company purchased at auction the foreclosed mineral interests previously owned by Gill. The conveyance was by a sheriff's tax deed dated April 6, 1999. The sheriff's deed was filed the same day and recorded on April 8.

Twenty years later, in 2019, Gill's successors in interest, whom we will call the Gill Parties, sued to have the foreclosure judgment declared void for lack of due process and to quiet title to the mineral interests in their names. They allege that the 1999 judgment was void due to "a complete failure of service of citation" on the defendants in the foreclosure suit.

Hill moved for summary judgment, arguing that the one-year statute of limitations in the Texas Tax Code for challenges to property sold in a tax sale barred the suit. *See* TEX. TAX CODE § 33.54(a)(1) ("[A]n action relating to the title to property may not be maintained against

3

the purchaser of the property at a tax sale unless the action is commenced . . . before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record . . . ."). In support, Hill attached a copy of the sheriff's deed showing that it was recorded on April 8, 1999. The Gill Parties responded that the Tax Code's statute of limitations did not apply because the defendants in the foreclosure suit were not properly served and, thus, the foreclosure judgment, tax sale, and resulting deed are void. However, the Gill Parties did not present any evidence to support these arguments. The trial court granted Hill's motion for summary judgment. The Gill Parties appealed.

A divided court of appeals affirmed. The majority held that the sheriff's deed conclusively established the accrual date for limitations, so the burden shifted to the Gill Parties to adduce evidence raising a genuine issue of material fact as to whether there was a due-process violation that could render the statute of limitations inoperable. 658 S.W.3d 618, 624 (Tex. App.—El Paso 2022). Because the Gill Parties relied only on their arguments and presented no evidence of a due-process violation, the majority concluded, Hill was entitled to summary judgment. *Id.* at 626–27. The dissenting justice would have held that it was Hill's burden, as the movant, to conclusively prove that no due-process violation occurred and that the statute of limitations applied. *Id.* at 632 (Palafox, J., dissenting). The Gill Parties petitioned for review, which we granted.

4

## II. Applicable Law

### A.    Due Process

The Fourteenth Amendment to the United States Constitution protects the citizens of Texas by preventing the State from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Article I, Section 19 of the Texas Constitution similarly protects a citizen from being deprived of "life, liberty, [or] property . . . except by the *due course* of the law of the land." TEX. CONST. art. I, § 19 (emphasis added). As in *Mitchell v. MAP Resources, Inc.*, a case involving similar issues, the parties in this case have "not identified any differences in text or application that are relevant to the issues raised here, so we treat the requirements of both Constitutions as identical for purposes of this opinion." 649 S.W.3d 180, 188 n.7 (Tex. 2022).

To afford due process, "the government [must] provide the owner [of property to be taken] 'notice and opportunity for hearing appropriate to the nature of the case.'" *Jones v. Flowers*, 547 U.S. 220, 223 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). The adequacy of this notice is *not* judged by whether actual notice was provided but by whether the government appropriately attempted to provide actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (explaining that "the Due Process Clause does not require . . . heroic efforts by the Government" to assure the notice's delivery); *Mullane*, 339 U.S. at 315 ("The means employed [in pursuing notice] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). Of course, actual notice is

5

preferable, but if a property owner cannot be "reasonably identif[ied]," constructive notice can satisfy due process. *Mitchell*, 649 S.W.3d at 190 (citation omitted); *see also In re E.R.*, 385 S.W.3d 552, 559 (Tex. 2012) ("For missing or unknown persons, service by . . . 'indirect and even . . . probably futile' means did not raise due process concerns." (quoting *Mullane,* 339 U.S. at 317)).

### B. Summary Judgment on Limitations

"The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Id.* Furthermore, to succeed on limitations at the summary-judgment stage, the movant "must also conclusively negate application of the discovery rule and any tolling doctrines pleaded as an exception to limitations." *Draughon v. Johnson*, 631 S.W.3d 81, 85 (Tex. 2021) (quoting *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019)).

However, a summary-judgment movant does not have the burden of proof to negate *every* potential challenge to a limitations defense. While this case was on appeal, we addressed the placement of the burdens of proof in such cases in *Draughon* and established the following rule: "The defendant has the burden regarding any issues raised that affect the running of limitations, while the plaintiff has the burden to

6

raise a fact issue on equitable defenses that defeat limitations even though it has run." *Id.* at 88.

*Draughon* establishes that the movant seeking traditional summary judgment has the burden of proof on issues that affect whether limitations has in fact run. So if the nonmovant challenges the date on which the limitations period began or argues that limitations did not expire before suit was filed (due to tolling or some other doctrine), a movant must conclusively disprove the nonmovant's allegations to carry its summary-judgment burden. However, if the nonmovant instead asserts that the statute of limitations cannot operate to bar the suit even if the limitations period has expired, then the nonmovant bears the burden to raise a fact issue in support of that assertion. *Id.* at 89; *see also* 658 S.W.3d at 627 (Alley, J., concurring) ("[T]he plaintiff carries the burden to present some evidence in its summary judgment response to support certain doctrines that avoid a statute of limitations defense."). The parties here did not have the benefit of *Draughon* at the time of the summary-judgment proceedings.

Nor did they have the benefit of our decision in *Mitchell*, a case arising from the same 1999 foreclosure suit for delinquent taxes that resulted in the judgment at issue here. As here, the former property owner's successors in that case asserted that the foreclosure judgment was void for lack of due process, and the current owners argued in a summary-judgment motion that the suit was barred by limitations. 649 S.W.3d at 183–84. Unlike here, however, the successors also sought summary judgment and presented evidence—"warranty deeds on file in the public records at the time of the foreclosure suit"—showing an

7

address at which the former property owner, their predecessor in interest, could have been reached and notified of the foreclosure suit. *Id.* at 186. *Mitchell* held that these public deeds and tax records were not "extrinsic evidence" and thus should have been considered by the trial court in determining whether service on the former property owner by publication satisfied due process. *Id.* at 190–91. And *Mitchell* rejected the argument that the statute of limitations would bar the suit even if notice was constitutionally inadequate, concluding that "state statutory requirements must give way to constitutional protections." *Id.* at 194. We concluded that notice by posting was inadequate for a property owner whose address was filed in the public property records, and, accordingly, we reversed the trial court's grant of summary judgment based on the Tax Code's statute of limitations. *Id.* at 197.

### III. Analysis

The Gill Parties argue that a statute-of-limitations defense cannot bar their attack on the 1999 foreclosure judgment because that judgment was obtained without affording their predecessors, the defendants in that suit, constitutionally required due process in the form of notice of the suit. They argue that Hill, as the summary-judgment movant, bore the burden to conclusively negate their assertion that the 1999 judgment and resulting deed are void by proving notice of the suit satisfied due process. In the alternative, the Gill Parties argue that we should take judicial notice of the facts in *Mitchell* and hold, without regard to the record in this case, that there is a fact issue here regarding whether their predecessors were afforded constitutionally adequate notice of the 1999 foreclosure suit. Hill contests all these assertions and

8

also contends that the Gill Parties waived their burden-of-proof argument by failing to assert it below.  We begin with the waiver argument and address each other issue in turn.

### A.    There was no waiver.

Throughout this suit, the Gill Parties have challenged Hill's entitlement to summary judgment on limitations and argued that the 1999 judgment and resulting tax sale did not satisfy due-process requirements.  But Hill contends that the Gill Parties waived their argument about which party bore the burden of proof regarding these due-process complaints in the context of a traditional motion for summary judgment by not timely raising it in their briefs in the court of appeals.  Requiring parties to first raise issues in the lower courts preserves judicial resources and promotes fairness among litigants.  *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).  But briefs do not have to perfectly articulate every point of law to preserve arguments that are fairly subsumed in the issue addressed.  Indeed, one of this Court's common refrains is that briefing waiver is generally disfavored.  *See Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 780 (Tex. 2021); *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver.  Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." (citations omitted)).

The Gill Parties' argument that it was Hill's summary-judgment burden to conclusively establish the validity of the 1999 judgment and resulting tax sale is fairly subsumed in their issues asserting that the

9

judgment and sale were void and that Hill failed to establish that he was entitled to summary judgment. Construing the Gill Parties' briefing "reasonably, yet liberally," *Perry*, 272 S.W.3d at 587, we hold that there was no waiver. We therefore consider whether Hill bore the burden, in a traditional summary-judgment posture, to establish that posted notice of the 1999 foreclosure suit was constitutionally adequate and thus establish that Section 33.54(a) bars the suit.

### B. Hill carried his summary-judgment burden.

The Gill Parties' suit undoubtedly is an "action relating to the title to property . . . against the purchaser of the property at a tax sale." TEX. TAX CODE § 33.54(a). Under Section 33.54(a), the suit is barred unless it was commenced within one year of "the date that the deed executed to the purchaser at the tax sale [was] filed of record." *Id.* § 33.54(a)(1). Hill, in moving for summary judgment, bore the burden to conclusively establish his defense. *See KPMG Peat Marwick*, 988 S.W.2d at 748. Hill adduced the sheriff's deed as evidence establishing that it was filed on April 6, 1999, and recorded on April 8. Thus, Hill carried his burden to conclusively establish that the Tax Code's one-year limitations period expired in April 2000—some nineteen years before the Gill Parties brought this suit.

The crux of the parties' dispute is whether Hill had to prove anything more to obtain summary judgment. Hill claims he did not. But the Gill Parties contend Hill also bore the burden to negate their claim that the 1999 foreclosure judgment is void because it was obtained based on constitutionally inadequate notice. Put differently, the Gill Parties contend Hill had to prove that the foreclosure judgment that gave rise

10

to the tax sale by which Hill obtained the mineral interests comports with constitutional due-process requirements. We agree with Hill— under the framework set out in *Draughon*, the burden of proof was on the nonmovant to raise a fact issue on whether the foreclosure judgment was void.

*Draughon* was a quiet-title action in which the plaintiff argued that a warranty deed was invalid due to his mental incapacity at the time of signing. 631 S.W.3d at 85–86. However, the defendant moved for summary judgment under the general four-year statute of limitations. *Id.* at 86. The plaintiff argued that the defendant had the burden at the summary-judgment stage to disprove his assertion that the running of limitations was tolled while under a legal disability of "unsound mind." *Id.* at 94; *see* TEX. CIV. PRAC. & REM. CODE § 16.001(a)(2), (b). The Court held that the defendant, as the summary-judgment movant on limitations, had the burden to disprove unsound-mind tolling. *Draughon*, 631 S.W.3d at 97. But we noted that the burden of proof on a defense against limitations is not *always* on the movant.

Instead, we explained that there are two types of defenses against limitations with differing burdens of proof. Affirmative defenses like unsound-mind tolling that argue that certain days within the limitations period should not be counted place the burden of proof on the movant. *Id.* at 88. But affirmative defenses that concede the limitations period expired yet argue limitations should not bar the suit place the burden of proof on the nonmovant. *See id.* at 89. Ultimately, the

11

distinction *Draughon* draws is between defenses that avoid the statute of limitations entirely and those that toll certain days.

In this case, the Gill Parties argue that, although many years have passed since the 1999 deed was recorded, the suit should not be time-barred because the underlying foreclosure judgment was procured in violation of due-process requirements and is thus void and incapable of triggering the Section 33.54(a) limitations clock. This more closely resembles the second *Draughon* category in that it is an argument for avoiding the statute of limitations altogether rather than an argument that certain days within the limitations period should not count. *See Draughon*, 631 S.W.3d at 88–89. The Gill Parties raise a defense that, if established, would "defeat limitations even though it has run." *Id.* at 88. Under *Draughon*, it was their burden to present evidence raising a fact issue whether the foreclosure judgment was, in fact, void. They failed to meet that burden because they adduced no evidence that notice of the 1999 suit was constitutionally inadequate so as to render the judgment void.

The Gill Parties argue we should nevertheless hold that a fact issue exists. They urge the Court to do so by taking judicial notice of the facts in *Mitchell*. They insist that our conclusion that notice was constitutionally inadequate for one of the property-owner defendants in *Mitchell* allows us to conclude it was so for others. But whether due process was afforded to a particular defendant is an individualized inquiry, and the facts that made notice by posting insufficient for the petitioners' predecessors in *Mitchell* do not necessarily make notice by posting improper for Gill.

12

The inquiry undergirding the adequacy of due process is individualized to the circumstances of the person to whom notice is directed. *See Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988) ("[A]s *Mullane* itself made clear, whether a particular method of notice is reasonable depends on the particular circumstances."). The Gill Parties suggest that the facts in *Mitchell* show a lack of diligence by the taxing entities and that this supports a finding that notice was inadequate for all defendants. But the appropriate level of diligence needed to satisfy due process is an individualized inquiry. If the evidence shows that Gill was nowhere to be found after a diligent inquiry, then alternative service by posting may have sufficed. *See Mullane*, 339 U.S. at 318 (distinguishing the appropriate notice for those "whose interests or addresses" are unknown); *Walker v. City of Hutchinson*, 352 U.S. 112, 116 (1956) ("[I]n some cases it might not be reasonably possible to give personal notice, for example where people are missing or unknown."); *see also Mitchell*, 649 S.W.3d at 189–90 (discussing what distinguishes the adequacy of notice by posting versus notice by service). Unlike the petitioners in *Mitchell*, the Gill Parties adduced no individualized proof regarding the ease or difficulty with which Gill could have been located and served.

In any event, taking judicial notice of the facts in *Mitchell* would be inappropriate. An appellate court may take judicial notice of a relevant fact that is either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012); *see* TEX.

13

R. EVID. 201(b).  The question of whether a particular type of notice comports with due-process requirements is neither generally known nor the kind of fact that is capable of being judicially noticed.  We hold that the trial court correctly granted summary judgment.

Having concluded that the trial court's summary judgment was proper, we would typically reinstate the trial court's judgment.  But the events surrounding this case have not been typical.  Indeed, the law governing this case has developed in two meaningful respects since the summary-judgment proceedings.  Both *Draughon* and *Mitchell* were decided after the trial court granted summary judgment.  Both cases clarified relevant questions: (1) which side bears the burden to demonstrate a due-process violation that renders a statute of limitations inoperable? and (2) what evidence is admissible to prove such a violation?

The Texas Rules of Appellate Procedure permit a remand when justice requires, *see* TEX. R. APP. P. 60.2(f), 60.3, which we have employed based on intervening developments in the controlling law.  *See, e.g.*, *Rogers v. Bagley*, 623 S.W.3d 343, 358 (Tex. 2021) (remanding to the trial court "[b]ecause our decision today substantially clarifies [a] novel issue"); *Carowest Land, Ltd. v. City of New Braunfels*, 615 S.W.3d 156, 159 (Tex. 2020) (similar); *Boyles v. Kerr*, 855 S.W.2d 593, 603 (Tex. 1993) (similar).  Because of *Draughon*'s and *Mitchell*'s meaningful import for this case, we conclude that a remand in the interest of justice is appropriate.

## IV. Conclusion

Hill satisfied his summary-judgment burden to conclusively show that the one-year statute of limitations expired before this suit was filed. The Gill Parties bore the burden to raise a genuine issue of material fact as to whether the 1999 judgment was void because it was obtained without constitutionally adequate notice, in violation of Gill's due-process rights. The Gill Parties adduced no such evidence; accordingly, the trial court correctly granted summary judgment on Hill's limitations defense.

Nevertheless, because the summary-judgment proceedings took place without either side having the benefit of our decisions in *Draughon* or *Mitchell*, both of which substantially clarified the applicable law and likely would have affected the parties' motion practice, we vacate the lower courts' judgments and remand the case to the trial court for further proceedings. *See* TEX. R. APP. P. 60.2(f).

Rebeca A. Huddle
Justice

**OPINION DELIVERED:** April 26, 2024

15