Opinion issued August 28, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00688-CV

_____

**CLAYTON WOODS HOMEOWNERS ASSOCIATION, INC., Appellant**

**V.**

**BERTRAM GARNER, CHARLES MACHAUER AND TYRONE MORGAN, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-26455**

---

## MEMORANDUM OPINION

This is an appeal of a final summary judgment in a suit brought by a homeowners' association against its former directors. The trial court granted summary judgment against the homeowners' association dismissing all of its claims against the former directors. It also granted summary judgment on the

former directors' counterclaim for expenses incurred in connection with the litigation.

The homeowners' association now contends that the summary judgment dismissing its claims is erroneous because the trial court refused to grant a new trial and set aside the summary judgment so it could file a response. It also challenges the award of expenses to the former directors.

We affirm.

## Background

Clayton Woods Homeowners Association, Inc. serves the homeowners in the Clayton Woods residential community. From 2005 until 2014, the homeowners' association used Texas Community Management, Inc. to manage its affairs. During that time, Patricia Ortiz was an employee of Texas Community. In 2015, the homeowners' association switched to Elite Association Management Company, which was owned by Ortiz. According to the homeowners' association, when Elite assumed management responsibilities, Ortiz retained the records that were previously generated by Texas Community.

In 2017, the homeowners' association elected a new board of directors. They found issues with the previous board of directors, Bertram Garner, Charles Machauer, and Tyrone Morgan (collectively Garner), including several missing records. The new board also discovered that the homeowners' association had

2

substantial debt and almost no reserves, which precluded it from conducting normal business affairs and maintaining the community. The homeowners' association terminated its contract with Elite and hired a new management company.

Later that year, the homeowners' association sued Garner and another board member, Danny Perry, asserting claims for conversion, negligence, and fraud. Pertinent to this appeal, Garner answered and raised the affirmative defense of volunteer immunity.[1] Garner also counterclaimed for breach of contract and for reimbursement of attorney's fees and expenses for defending the lawsuit.

On May 20, 2019, Garner filed a traditional and no-evidence motion for partial summary judgment on their volunteer immunity defense—asserting that the directors of the homeowners' association were volunteer officers and that they have statutory immunities which shield them from liability, unless they acted in bad faith. Garner also filed a notice setting the motion for submission on June 10, 2019.

The homeowners' association did not file a summary judgment response.

On the submission date, the trial court signed an order granting summary judgment for Garner on their volunteer immunity defense—and dismissing all of the homeowners' association's claims against Garner.

---

[1] *See* 42 U.S.C. § 14503; TEX. BUS. ORGS. CODE §§ 22.221, 22.235.

3

Three weeks later, the homeowners' association filed a verified motion to set aside the summary judgment, alternatively for a new trial, and for leave to file a summary judgment response. It showed that due to a change of counsel, the homeowners' association did not learn that it failed to file a summary judgment response until after the summary judgment was granted. Specifically, that the homeowners' association's second attorney,[2] who eventually withdrew, did not inform the homeowners' association's third attorney that a summary judgment response was due.

The homeowners' association also argued that a new trial should be granted under *Craddock v. Sunshine Business Lines, Inc. See* 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). It urged the trial court "to grant a new trial, set aside the summary judgment and allow [it] to properly respond."

The trial court held an oral hearing with a court reporter present. The court began by specifying what was before it—"The [homeowners' association's] motion to set aside the summary judgment that I did grant, which [the homeowners' association] never responded to." The court then ruled on the record stating—"I'm not going to undo that [summary judgment]. So the individual defendants that you have sued are still out on summary judgment. I'm not going to undo that."

---

[2]    The homeowners' association's first attorney withdrew on February 22, 2019.

The trial court also stated on the record to the individual defendants—"You have won your summary judgment. I'm not going to set that aside." "[But] you are still subject to this not being a final order and you are still subject to it coming back up." "[The homeowners' association] can bring it back up at some other time."[3]

Garner later moved for summary judgment on their counterclaim for contractual indemnity—seeking attorney's fees and expenses incurred in defending against the homeowners' association's suit—and that was also granted by the trial court. After Garner nonsuited their remaining counterclaims against the homeowners' association, and the trial court signed an order to that effect, the partial summary judgments became final. This appeal by the homeowners' association ensued.[4]

## Motion for New Trial and Late Summary Judgment Response

Liberally construing the homeowners' association's briefing, the homeowners' association maintains that the trial court erred in denying its request

---

[3]  The trial court did not sign a written order and explained —"I have done it [ruled] on the record here, so I'm not going to sign any other orders, because I doubt you-all can agree to what I said. But I know what I said because it's recorded."

[4]  After this appeal was filed, the homeowners' association dismissed its appeal against Perry, Ortiz, and Elite in our Court. And, in the trial court, Ortiz and Elite nonsuited their counterclaim against the homeowners' association for indemnity. Thus, the only parties to this appeal are the homeowners' association and Garner. We abated this appeal in 2021 after the homeowners' association filed a suggestion of bankruptcy and reinstated it after the bankruptcy concluded. *See* TEX. R. APP. P. 8.1, 8.2.

to set aside the summary judgment on Garner's volunteer immunity defense, grant a new trial, and allow it respond to the summary judgment motion. The homeowners' association thus asks us to set aside the summary judgment and remand to the trial court for a determination on the merits. *See* TEX. R. APP. P. 38.1(f); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally").

## A. Standard of Review

We review a trial court's denial of both a motion for new trial and a motion for leave to file a late summary judgment response under the abuse of discretion standard. *Mendia v. Fiesta Mart, L.L.C.*, No. 01-19-0018-CV, 2021 WL 3412175, at *2 (Tex. App.—Houston [1st Dist.] Aug. 5, 2021, no pet.) (mem. op.). A trial court clearly abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). Under this standard, we view the evidence in a light most favorable to the trial court's actions and may not substitute our judgment for that of the trial court—unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *Id.*

## B. Applicable Law

We have recognized, and so has our sister court, that the *Craddock* elements apply to a motion for new trial in a summary judgment context where, as here, the

nonmovant discovered *after* the rendition of summary judgment that it failed to file a summary judgment response. *See Mendia*, 2021 WL 3412175, at *3; *Hunter v. Ramirez*, 637 S.W.3d 858, 861–62 (Tex. App.—Houston [14th Dist.] 2021, no pet.).[5]

In this situation, the nonmovant's verified motion for new trial must show all of the following elements—(1) that the failure to respond to the summary judgment motion was not intentional or the result of conscious indifference, but the result of accident or mistake, (2) set up a meritorious defense, and (3) that granting a new trial would not cause undue delay or injury to the defendant. *Hunter*, 637 S.W.3d at 862–64.

## C.    Analysis

The homeowners' association asserted below that it established all of these *Craddock* elements.  Because it is dispositive, we address only the second element of the *Craddock* test.  In a summary judgment context, "to set up a meritorious defense" means to raise a genuine issue of material fact as to the grounds raised in the summary judgment motion. *Id*. at 863.

---

[5]    The *Craddock* elements do not apply, however, to a motion for new trial in a summary judgment context when the nonmovant discovered *before* the summary judgment hearing that it failed to file a response—and it had the opportunity to seek a continuance or obtain permission to file a late response. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002).  That is not the situation here.

The homeowners' association's brief does not allow us to delve into the merits of this element. Rather, it limits its argument on appeal to just the first and third *Craddock* elements—that its failure to file a summary judgment response was accidental, and not intentional, and thus good cause existed for it to file a late response *and* that Garner would suffer no prejudice from allowing a summary judgment response.

Because the homeowners' association makes no argument in our Court that it satisfied the second (meritorious defense) element of *Craddock,* we cannot conclude that the trial court abused its discretion in not granting a new trial and setting aside the summary judgment to allow the homeowners' association to respond. *See Garcia v. Tex. Integrity Homes, LLC*, No. 05-24-00049-CV, 2025 WL 1547740, at *2 (Tex. App.—Dallas May 30, 2025, no pet.) (mem. op.).

We overrule this issue.

**Garner's Motion for Summary Judgment on their Counterclaim**

Next, the homeowners' association asserts that the trial court erred in granting summary judgment on Garner's counterclaim for indemnification. In the trial court, the homeowners' association raised two grounds in opposition: (1) the articles of incorporation were ambiguous as to the recovery of attorney's fees and (2) that if attorney's fees are recoverable, Garner failed to prove expenses actually incurred.

The homeowners' association now argues for the first time on appeal that its bylaws limit indemnification to only when permitted by the Texas Non-Profit Corporation Act or the Texas Miscellaneous Corporation Law Act, and that Garner offered no evidence allowing the trial court to find as a matter of law that this requirement had been met. And that Garner had the responsibility to show that Garner "acted in good faith and on a reasonable belief in connection with the events giving rise to the lawsuit for which the indemnity is sought" and failed to do so.

In a summary judgment context, issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). Regardless, assuming we can consider this issue, it fails. While the homeowners' association cites to section 8.101 of the Texas Business Organizations Code that makes indemnification permissive, section 8.051 requires indemnification of reasonable expenses incurred in connection with a proceeding by a director who is wholly successful in the defense of the proceeding. *See* TEX. BUS. ORGS. CODE § 8.051; *see also id.* § 8.001(3) (providing that "expenses" include reasonable attorney's fees). Thus, because the trial court granted summary judgment in Garner's favor, Garner was wholly successful in defending against the homeowners' association and is therefore entitled to a recovery of their attorney's fees.

Accordingly, we also overrule this issue.[6]

## Conclusion

For all of the reasons above, we affirm the trial court's final summary judgment in favor of Garner and against the homeowners' association in all things.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[6]    Because the homeowners' association dismissed Ortiz and Elite from this appeal, it is unnecessary for us to address the homeowners' association's remaining issue challenging the grant of their motion for summary judgment. TEX. R. APP. P. 47.1.

10