

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00833-CV

**IN THE INTEREST OF D.A.V.** and **N.B.V.**, Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2022PA00786
Honorable Raul Perales, Associate Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              H. Todd McCray, Justice

Delivered and Filed: April 22, 2026

AFFIRMED

      C.R., the mother of D.A.V. and N.B.V., appeals from a "Modification of Final Order in Suit Affecting the Parent-Child Relationship." The modification order appoints J.A.V.S., the children's father, as the sole managing conservator of the children and C.R. as the children's possessory conservator. We affirm.

      After C.R. perfected her appeal, she filed a brief that failed to comply with Texas Rule of Appellate Procedure 38.1. Among other things, C.R.'s brief failed to include a single record citation and a proper legal argument. *See* TEX. R. APP. P. 38.1(g), (i). We struck C.R.'s brief, and we ordered her to file an amended brief. We cautioned C.R. that her amended brief must comply with all the requirements of Texas Rules of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1.

Thereafter, C.R. filed an amended brief. C.R.'s amended brief also violated Texas Rule of Appellate Procedure 38.1 because it did not contain a statement of facts with record references and a proper legal argument with appropriate citations to authorities and the appellate record. In our order accepting C.R.'s amended brief, we noted its deficiencies. *See id.* Nevertheless, we did not order C.R. to file a second amended brief, but we warned that the submission panel could determine that C.R. had waived one or more issues due to inadequate briefing. C.R. filed no further briefing, and the case was submitted without oral argument.

As a pro se litigant, C.R. is held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.).

While pro se litigants must comply with the applicable procedural rules, application of the rules "may require a different result when the actor is not a lawyer." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). "[C]ourts should 'review and evaluate pro se pleadings with liberality and patience.'" *Li*, 631 S.W.3d at 706 (citation omitted); *see also In re A.G.D.*, No. 07-15-00201-CV, 2016 WL 316879, at *2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (applying standard to pro se

appellate brief) (cited by *Li*, 631 S.W.3d at 706 n.5). In addition, the Texas Supreme Court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless procedural defects is disfavored.'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Id.* at 569–70 (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *see also Phillips Motors Co. v. Million Auto Parts*, No. 04-19-00391-CV, 2020 WL 1159062, at \*2 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.) (affirming judgment where appellant waived complaints by failing to comply with briefing rules).

In this case, the modification order notes that a hearing was held on November 20, 2025. However, the appellate record contains no reporter's record for this hearing. Instead, the only reporter's record in the appellate record is from hearings in 2023 and 2024. After these hearings, the trial court, on February 14, 2024, signed a "Final Order in Suit Affecting the Parent-Child Relationship." Thus, the reporter's record that C.R. has marshalled is from an earlier custody order. We are therefore unaware of what evidence the trial court considered at the modification hearing. *See e.g., Elizondo v. Hilcorp Energy Co.*, No. 04-24-00714-CV, 2026 WL 100420, at \*3 (Tex. App.—San Antonio Jan. 14, 2026, pet. filed) (mem op.) (holding that pro se appellant's brief was inadequate where, among other things, it inaccurately portrayed what transpired in the trial court). Moreover, C.R.'s amended brief complains about J.A.V.S.'s alleged conduct between 2010 and 2015. The reporter's record before us contains no evidence regarding J.A.V.S. and that period of time.

For these reasons, C.R.'s amended brief presents nothing for our review. *See Tindell v. Hildebrandt*, No. 04-23-00414-CV, 2025 WL 1063115, at *3 (Tex. App.—San Antonio Apr. 9, 2025, no pet.) (mem. op.) ("In short, [pro se appellant's] filings, including her amended brief, her letters, and her additional brief, present nothing for review because they include no record citations or record support and no legal citations or legal analysis."); *In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at *3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("When an appellant . . . fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief[,] nothing is presented for our review, i.e., error is waived.").

The trial court's modification order is affirmed.

Rebeca C. Martinez, Chief Justice